UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____
EUN JOO LEE,                                      )
INDIVIDUALLY AND ON BEHALF OF    )
ALL OTHERS SIMILARLY SITUATED,   )    No. 12-cv-0420(DLI)(CLP)
       Plaintiffs,                                     )
                                                           )
v.                                                       )
                                                           )
FORSTER & GARBUS LLP and           )
NCOP XI, LLC                                    )
       Defendants.                               )
_____ )

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

#### Introduction

Plaintiff, Eun Joo Lee, brought this lawsuit against Defendants Forster & Garbus LLP (F&G) and NCOP XI, LLC (NCOP) on February 15, 2012 for their deceptive and misleading attempts to collect money from Plaintiff and the putative class members in violation of the Fair Debt Collection Practices Act (FDCPA).

Despite Defendants' unsupported claim that Plaintiff is merely making a "slick attempt" to allege FDCPA liability, Plaintiff has (1) adequately pleaded violations of the FDCPA and (2) preserved her FDCPA claims against F&G despite Defendant's suggestion to the contrary. Because Defendants misstate the law, mischaracterize what Plaintiff has pleaded, and cite and mischaracterize distinguishable cases, their efforts must fail because Plaintiff has satisfied her burden under Rule 12(b)(6).

## Statement of Facts

This lawsuit arises from a dunning letter, dated January 31, 2011, sent to Plaintiff by Defendants (the "Letter").[1] In the Letter, Defendants made the following statements:

> AMOUNT DUE: $2,812.15
> Reference Number: [Redacted by Plaintiff]
> Account Number: [Redacted by Plaintiff]
> Re:   NCOP XI, LLC
> A/P/O CAPITAL ONE[2]

As further detailed below, and notwithstanding Defendant's argument to the contrary, these statements violate the FDCPA.

With reference to the Defendant's other argument, on September 6, 2011, Plaintiff filed for Chapter 7 bankruptcy protection in the bankruptcy court of this district. In her Schedule of Assets and Liabilities (the "Schedule") to Plaintiff's voluntary bankruptcy petition, Plaintiff listed two potential lawsuits – one against NCOP and one against FIA Card Services, N.A., with maximum recoveries on both of $1,000. Plaintiff gave the trustee both the requisite notice and opportunity to bring the claims as a substitute plaintiff. But the trustee instead abandoned the claims by operation of law upon the close of the Plaintiff's bankruptcy case.

## Legal Standard

In reviewing a motion to dismiss under Rule 12(b)(6), courts must accept the factual allegations set forth in the complaint as true and draw all reasonable

---

[1] *See* <u>Exhibit A</u> to Plaintiff's Amended Complaint, filed on February 15, 2012 (ECF #4).
[2] *Id.*

inferences in favor of the plaintiff.[3] The plaintiff must satisfy a "flexible 'plausibility standard.'"[4] "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."[5] Courts, therefore, do not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."[6]

## Legal Argument

I. **Plaintiff properly pleaded Defendants' FDCPA violations**

The facts pleaded in Plaintiff's complaint "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct."[7] Here, Plaintiff pleaded that Defendants sought to collect a debt from Plaintiff that was allegedly owed to "NCOP XI, LLC A/P/O CAPITAL ONE" (Complaint ¶20).[8] Plaintiff also pleaded that the debt was a consumer debt as well as a debt under the FDCPA and that the Letter was Defendants' initial communication with Plaintiff (Complaint ¶21-25). Finally, Plaintiff pleaded that the Defendants referred to some entity called "NCOP XI, LLC A/P/O CAPITAL ONE" as the creditor to whom the debt is owed (Complaint ¶26). Because there is no such entity "NCOP XI, LLC A/P/O CAPITAL ONE," Defendants failed to provide the name of the current

---

[3] *See Cleveland v. Caplaw Enterprises*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005).
[4] *Iqbal v. Hasty*, 490 F.3d 143, 157 (2d Cir. 2007), *rev'd on other grounds sub nom.*, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).
[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007).
[6] *Id.* at 570.
[7] *Iqbal*, 129 S. Ct. at 1949.
[8] Complaint refers to Plaintiff's Amended Complaint, filed on February 15, 2012 (ECF #4).

3

creditor as required by the FDCPA and in addition made a deceptive and misleading statement that a non-existent entity is owed money by Plaintiff.

### A. Defendants violated FDCPA § 1692g(a)(2) by failing to provide the name of the current creditor

The FDCPA requires that either in the initial communication or within five days after the initial communication with a consumer, the debt collector must provide the consumer with "the name of the creditor to whom the debt is owed."[9] As with the other requirements under the FDCPA, this information must be provided in a manner that the least sophisticated of consumers would understand.[10] According to the Second Circuit, "the least sophisticated consumer standard best effectuates the [FDCPA's] purpose of limiting the suffering and anguish often inflicted by debt collectors."[11]

Courts have held that where language in the collection letter is objectively confusing or misleading to a consumer as to the identity of the current creditor, the debt collector has violated FDCPA § 1692g(a)(2).[12] The overarching theme running through these cases is that where the current creditor is misidentified or the identification of the creditor raises more questions than it does answers, the debt collector has not satisfied the strictures of § 1692g(a)(2). For example, in the

---

[9] FDCPA § 1692g(a)(2).
[10] *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 134 (2d Cir. 2010); *Jacobson v. Healthcare Fin. Serv., Inc.*, 516 F.3d 85, 90-92 (2d Cir. 2008).
[11] *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).
[12] *See Sparkman v. Zwicker & Associates, P.C.*, 374 F. Supp. 2d 293, 300-01 (E.D.N.Y. 2005); *Dewees v. Legal Servicing, LLC*, 506 F. Supp. 2d 128, 132-33 (S.D.N.Y. 2007); *Schneider v. TSYS Total Debt Management, Inc.*, 2006 WL 1982499, at *3-4 (E.D. Wis. July 13, 2006).

Eastern District of New York case of *Sparkman v. Zwicker & Associates*, the collection letter identified one entity – "The Bureaus" – in the "Re:" line of the letter, another entity as the original creditor, and then goes on to describe "The Bureaus" as "an agent of the current owner of your account."[13] This, the Court held, in granting the plaintiff summary judgment on the § 1692g(a)(2) claim, "suggests that the creditor is someone other than The Bureaus. The least sophisticated consumer would not deduce from reading the Collection Letter that the name of the creditor seeking collection is The Bureaus."[14] In another case in this Circuit, this time in the Southern District of New York, the Court held that where a letter only identifies the original creditor and notes that the debt has been sold, the plaintiff's claim that the letter fails to identify the creditor is plausible and therefore withstands a motion to dismiss.[15]

Even state court judges in New York – to say nothing of unsophisticated consumers – have been confused by the use of abbreviations in identifying purported creditors in debt collection lawsuits. For example, in *Midland Funding LLC d/b/a In New York as Midland Funding of Delaware v. Loreto*, New York City Civil Court Judge Philip Straniere had a difficult time figuring out who the proper parties were:

> The complaint indicates that this account originated with "Citibank" and was taken by assignment by plaintiff "Midland Funding LLC DBA In New York As Midland Funding of Delaware LLC." Yet the papers attached to this motion refer to an assignment of the debt from Citibank (South Dakota), NA

---

[13] *Sparkman*, 374 F. Supp. 2d at 300-01.
[14] *Id.*
[15] *Dewees*, 506 F. Supp. 2d at 133.

5

to Midland Funding LLC, not necessarily the same legal entities. Plaintiff has provided no proof that they are the same entities and because both "Citibank" and "Midland" do business under several different names properly identifying the entity originating the credit, selling the debt and bringing this action is essential.[16]

Here, it is plain that Defendants misidentified, deceptively identified, or inaccurately identified the current creditor by listing in the "Re:" line the name of a non-registered and non-existent entity containing an unknown and unused acronym. The *only* reference to the current creditor in the Letter is a line reading "Re: NCOP XI, LLC A/P/O CAPITAL ONE."[17] This reference occurs twice in the Letter, once under Plaintiff's purported Account Number, and once at the bottom in the detachable stub for payment. If Defendants had represented that the current creditor is NCOP XI, LLC and explained that this entity had been assigned the debt by Capital One, there would be no doubt that Defendants abided by the requirements of the FDCPA. But there is no such entity as "NCOP XI, LLC A/P/O CAPITAL ONE," there is no guide to what the unknown abbreviation "A/P/O" means, and there are no other explanations in the Letter.

Accordingly, Plaintiff is left to puzzle out for herself the meaning of the term "A/P/O," which delivers numerous puzzling definitions when used in a Google

---

[16] 34 Misc.3d 1232(A), 2012 WL 638807 (Civ. Ct. Rich. Co. Feb. 23, 2012); see also *American Exp. Travel Related Services Co., Inc. v. Assih*, 26 Misc.3d 1016, 1019-20 (Civ. Ct., Rich. Co. Dec. 7, 2009) (discussing who is the plaintiff where the caption states it is "American Express Travel Related Service Company, Inc.," (Travel) the monthly statements are from "American Express" (Card)—the same entity to which payments are to be made, and the alleged "Agreement" is with "American Express Centurion Bank" (Bank)").

[17] *See* Letter.

6

search.[18] Indeed, the predominant definition and search result of "A/P/O" on Google appears to be related to either the "Army Post Office" or "Alpha Phi Omega."[19] Similarly, an inquiry in Wikipedia for "A/P/O" returns no results while an inquiry for "APO" returns numerous results for everything from the "African Press Organization" to "Apo, a god of mountains in Inca mythology" to the "APO Hiking Society a/k/a Apolinario Mabini Hiking Society."[20] But nowhere in the first 100 Google "hits" or numerous search results on Wikipedia is "A/P/O" defined as anything that would help Plaintiff or the class members understand what it means in the context of Defendants' letter or why Defendants used it. Moreover, Merriam-Webster's online dictionary defines the abbreviation that appears for "A/P/O" as "Army Post Office."[21] Indeed, Defendants do not even attempt to define "A/P/O" in their Memorandum of Law or provide any explanation of what they claim it means.

Thus, by using the abbreviation "A/P/O," Defendants have misled, confused, and deceived Plaintiff and the class members into believing that the current creditor is some non-existent entity named "NCOP XI, LLC A/P/O CAPITAL ONE." The least sophisticated consumer is accordingly left to ponder who is the rightful owner of the alleged debt; the exact problem that § 1692g of the FDCPA was intended to remedy. Is Capital One the owner? Is NCOP, XI the owner? It is impossible to determine.

---

[18] *See* Declaration of Michael N. Litrownik, dated March 15, 2012 (the "Litrownik Decl.").
[19] *Id.*
[20] *Id.*
[21] *Id.*

7

### B. Defendants made false and deceptive representations in naming a non-existent entity as the current creditor

The FDCPA also prohibits false representations, deceptive means, and unfair or unconscionable acts in collection or attempt to collect any debt.[22] These prohibitions apply to the misidentification of, or misleading and confusing statements regarding the name of the current creditor.[23] Imposing liability based on a statement incorrectly identifying the name of a creditor comports with the purposes of the FDCPA.[24] Further, what constitutes a failure to properly name a creditor under § 1692g(a)(2) and what constitutes a false representation of the creditor name under § 1692e(10) are necessarily interrelated.[25] Moreover, the use of an abbreviation that the consumer has never encountered before could constitute a false representation, which on its face would be plainly false or misleading to an unsophisticated consumer.[26]

Here, as demonstrated above, Defendants failed to properly name the current creditor under FDCPA § 1692g(a)(2). This failure necessarily leads to the conclusion that Defendants therefore falsely represented the name of the current creditor and utilized an unknown abbreviation – "A/P/O" – in violation of FDCPA § 1692e and

---

[22] 15 U.S.C. § 1692e, e(10), and f; see also *Suquilanda v. Cohen & Slamowitz, LLP*, 2011 WL 4344044, at *7 (S.D.N.Y. Sept. 8, 2011).
[23] *See Suquilanda*, 2011 WL 4344044, at *7 (finding plausible FDCPA § 1692e violations where debt collector named an unregistered entity that did not own plaintiff's debt as the current creditor); *Hepsen v. J.C. Christensen and Associates, Inc.*, 2009 WL 3064865, at *5 (M.D. Fla. Sept. 22, 2009).
[24] *Hepsen v. J.C. Christensen and Associates, Inc.*, 2009 WL 3064865, at *5 (M.D. Fla. Sept. 22, 2009).
[25] *Blarek v. Encore Receivable Management, Inc.*, 2007 WL 984096, at *16 (E.D. Wis. March 27, 2007)
[26] *Id.*

e(10). Indeed, Defendants' Memorandum of Law even fails to attempt to define "A/P/O." The least sophisticated consumer is thus left to wonder whether NCOP XI, LLC or Capital One is the current creditor. Collection letters that are subject to two interpretations, one of which is false, violate FDCPA §§ 1692e and 1692e(10).[27]

Finally, the violations of § 1692g(a)(2), e, and e(10) all support a plausible violation of FDCPA § 1692f, which prohibits a debt collector's use of "unfair or unconscionable means to collect or attempt to collect any debt."

Plaintiff also wishes to point out the self-serving and incorrect statement made by Defendants. Defendants state on page 8 that "if Plaintiff was truly confused as to who the creditor was, she could have exercised her stated rights under the FDCPA." Defendants conflate the requirement of FDCPA 1692g(a)(5) with the obligation not to make false, deceptive, or misleading representations. As one District Court has held, "Section 1692g(a)(5), which requires a debt collector to provide the name and address of the original creditor in response to a written request for such information does not excuse [the debt collector's] misidentification of the current creditor in its initial communication."[28]

### C. New York City Administrative Code 20-493.1 has no relevance to Plaintiff's claim

Defendants spend several pages claiming that because a provision of New York City's Administrative Code (NYCAC) requires the inclusion of the name of the

---

[27] *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993) ("collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.")
[28] *Hepsen*, 2009 WL 3064865, at *5.

9

original creditor in collection letters, Defendants' representation that the name of the current creditor is "NCOP XI, LLC A/P/O CAPITAL ONE" in the Letter does not violate the FDCPA.

Plaintiff is to say the least confused by this argument. It is true that NYCAC § 20-493.1 requires that "In addition to any practices required under any federal, state or local law, a debt collection agency shall … provide … the originating creditor of the debt."[29] But it is absurd for Defendants to claim that a line in the Letter reading "Re: NCOP XI, LLC A/P/O CAPITAL ONE" accurately and non-misleadingly provides Plaintiff or the class members with information as to both the original creditor and current creditor. As discussed above, Defendants do not use separate lines beginning with "Original Creditor" and "Current Creditor" to demarcate the information, do not use a commonly used abbreviation, and do not provide any explanation as to what "A/P/O" means. The fact that the name of the purported original creditor appears in the complete statement made in the "Re:" line in the Letter – even assuming *arguendo* that Defendants have complied with New York City's Administrative Code – does not relieve Defendants from liability under the FDCPA.

### D. Defendants' false and deceptive identification of the current creditor is material

While some cases hold that a false statement must also be material to be actionable under the FDCPA,[30] it is abundantly clear – contrary to Defendants'

---

[29] NYCAC § 20-493.1.
[30] *See Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009) (citing

misleading assertion – that the accurate, truthful, non-deceptive, and non-misleading identification of the name of the current creditor in a debt collector's dunning letters is significant and material to the objectives of the FDCPA.[31] In fact, it is so material that Congress explicitly required that debt collectors name the current creditor in the FDCPA[32] and courts have permitted cases to proceed alleging FDCPA § 1692e violations where the name of the current creditor has been falsely or deceptively represented.[33]

In those few cases that adopt a materiality requirement, statements are material if they influence a consumer's decision-to pay a debt or if they would impair the consumer's ability to challenge the debt.[34] Here, it is not clear who the current creditor is. Therefore, Plaintiff and the class members would not know who the correct entity is to be paid and would not know how to challenge the debt because they would not be able to accurately identify the current creditor.

Plaintiff also wishes to point out Defendants' flagrantly misleading characterization and citation to a case from this District. Defendants write on page 11 of their Memorandum of Law, "This Court has already held that a statement which allegedly did not set forth the name of a creditor in a collection letter was not

---

cases).
[31] *See* FDCPA § 1692g(a)(2) (requiring that either in the initial communication or within five days after the initial communication with a consumer, the debt collector must provide the consumer with "the name of the creditor to whom the debt is owed").
[32] *Id.*
[33] *See* section I.B. above.
[34] *Hasbrouck v. Arrow Financial Services, LLC*, 2011 WL 1899250, at *4 (N.D.N.Y. May 19, 2011).

material, even if false, and therefore did not violate 15 U.S.C. sec. 1692e."
Defendants cite to *Lane v. Fein, Such & Crane, LLP*[35] for that statement. But in *Lane*, the plaintiff was suing over a statement made by Defendants in a *state court complaint*, not a collection letter.[36] And the FDCPA explicitly provides in § 1692g(d) that legal pleadings are not "initial communications" like those at issue here and as defined by § 1692g. Thus, there is no legal obligation on debt collectors to provide the name of the creditor to whom the debt is owed in a legal pleading. And regardless of whether the omission of a creditor's name in a *complaint* is material, Congress has, by including such a requirement in FDCPA § 1692g(a)(2), deemed that including the name of the current creditor in the initial "validation notice" is material as a matter of law.

Accordingly, Defendants' listing of some non-registered, non-existent entity – "NCOP XI, LLC A/P/O CAPITAL ONE" – as the current creditor is material.

### E. Defendant NCOP is vicariously liable for F&G's conduct

Despite Defendants' assertion that Plaintiff has failed to adequately allege the threshold element that Defendant NCOP took actions to collect a debt, Plaintiff adequately pleaded that every material action taken in this case was taken by both

---

[35] 767 F. Supp. 2d. 383 (E.D.N.Y. 2011).
[36] *Id.* at 388 ("According to the plaintiffs, Fein LLP falsely stated in the State Court Complaint that BMC "is a banking corporation duly licensed, organized and existing pursuant to the laws of the United States", and this alleged false statement violates Section 1692e. The defendant's primary opposition to the plaintiffs' Section 1692e cause of action is that, even if this statement were false, it is immaterial.") (citations omitted).

NCOP and F&G.[37] Moreover, vicarious liability under the FDCPA for NCOP exists for actions taken by F&G.[38]

## II. Plaintiff's claims are not barred by her prior bankruptcy filing

Defendants' assertion that Plaintiff lacks standing to bring the instant claim against F&G is meritless. Plaintiff inadvertently omitted the name of F&G from the listing of her FDCPA claim in her Schedule of Assets and Liabilities (the "Schedule") of her Bankruptcy Petition, but she properly listed the claim as required by § 521 of the Bankruptcy Code. By listing a claim against NCOP, Plaintiff provided the requisite notice and opportunity to the trustee to bring the claim as a substitute plaintiff. Claims against parties listed in a Schedule are not for the benefits of the parties against whom the petitioner may have a claim, but for the benefit of the trustee. Because the FDCPA claim here is based on only a single letter, the claim is worth only $1,000 to the bankruptcy estate and any defendants in such a claim would be jointly and severally liable to the named plaintiff or the trustee for the $1,000 maximum statutory damages. Therefore, the claim here – based on one letter and worth only $1,000 to the bankruptcy estate – need not list all of the potential defendants because it is the claim itself that provides notice to the trustee. Defendants ignore this crucial point.

Because the trustee abandoned the claim by operation of law upon the close of Plaintiff's bankruptcy, the claim reverted back to the Plaintiff. In a Chapter 7

---

[37] *See* Complaint.
[38] *See Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507, 1516 (9th Cir. 1994) ("Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken").

bankruptcy, pre-petition claims not fully exempted by the debtor may be administered and liquidated by the trustee.[39] The trustee may bring the action as a substitute plaintiff, or abandon the claim. A claim may be abandoned by the trustee in one of two ways: (1) if, on request by either the trustee or party in interest, and after notice and hearing, the court finds the property is "burdensome" or of "inconsequential value and benefit to the estate," or (2) by the closing of the case.[40] By properly scheduling the FDCPA claim, Plaintiff gave the trustee both the requisite notice and opportunity to bring the claim as a substitute plaintiff. But the trustee instead abandoned the claim by operation of law upon the close of the Plaintiff's bankruptcy case. This abandonment is irrevocable, causing the claim to relate back to the Plaintiff.[41] Accordingly, Plaintiff has standing to maintain a cause of action against both F&G and NCOP and this Court should deny the Defendant's motion to dismiss on this ground.

### A. Potential Claims are Listed on a Debtor's Schedule for the Benefit of the Debtor's Bankruptcy Estate and its Creditors

The purpose of the scheduling requirement is to enable creditors to receive timely notice of bankruptcy proceedings which may affect their interests.[42] "Scheduled" in §554(c) of the Bankruptcy Code "refers to property scheduled in the debtor's Schedules of Assets and Liabilities."[43] A debtor in bankruptcy is required to

---

[39] *See In re Solt*, 425 B.R. 263 (Bankr. W.D. Va. 2010).
[40] *See Barletta v. Tedeschi*, 121 B.R. 669, 673 (Bankr. N.D.N.Y. 1990)
[41] *Id.*
[42] *Ford Motor Credit Co. v. Weaver*, 680 F.2d 451 (6th Cir. 1982).
[43] *Conklin v. St. Lawrence Valley Educational Television Council*, 1994 WL 780898 (N.D.N.Y. Oct. 31, 1994)

show the utmost good faith and make the fullest disclosures of his assets so as not to defraud his creditors.[44]

Thus, the purpose of listing assets, including all potential causes of action accruing prior to the date of the filing of the bankruptcy petition, is to allow the trustee to determine whether pursuing the claim would benefit the bankruptcy estate by allowing for a distribution to creditors of the estate. All potential causes of action are considered to be owned by the debtor, becoming a part of the debtor's bankruptcy estate upon filing bankruptcy for the sole benefit of distribution to creditors.[45]

Here, because Plaintiff properly listed the FDCPA claim on her Schedule, she informed the trustee of the existence of the claim as part of her bankruptcy estate. Although Plaintiff named NCOP as a defendant in this potential cause of action, Defendants contend that Plaintiff's failure to also name F&G as a defendant precludes her ability to maintain an action against F&G. This is incorrect because Plaintiff's failure to name F&G as a defendant has no bearing whatsoever on her standing to bring a claim against F&G. The only purpose of including a potential claim on the Schedule is to notify the trustee of the claim's existence for the benefit of the bankruptcy estate, *not* to notify any defendants of any claims against them.

Courts have held that although there are "no bright-line rules for how much

---

[44] *In re Breitling*, 133 F. 146 (Ill. 1904).
[45] *See id.* (stating that "a discharge from one's debts is a privilege created by the bankruptcy act upon condition of a surrender to creditors of all the property of the bankrupt, except such as is exempted from execution by the law of his domicile.... [A debtor] may not retain that which should go to his creditors").

15

itemization and specificity are required" in scheduling assets, a debtor is required to be "as particular as is reasonable under the circumstances."[46] Here, Plaintiff was sufficiently specific in identifying the nature of the claim as an FDCPA action and its value of $1,000. Her scheduling of the FDCPA claim did not forestall a proper investigation by the trustee of the asset.[47]

Moreover, the failure to identify one party in an FDCPA claim on the Schedule is immaterial to the value of an FDCPA claim as an asset of the bankruptcy estate: even if there is more than one potential defendant, courts have held that there can only be a recovery of $1,000 per case, even where there are multiple violations.[48] The FDCPA does not structure recovery on a "per transaction" basis. Inclusion of F&G as a potential defendant would not have increased the value of the Plaintiff's FDCA claim and is immaterial as the FDCA claim itself was listed on the Schedule. Therefore, Plaintiff has standing to maintain a cause of action against F&G despite inadvertently omitting F&G as a defendant on her bankruptcy Schedule.

Additionally, Plaintiff is not judicially estopped from bringing the instant action against F&G. The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a

---

[46] *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001)
[47] *Id.*
[48] *See Wright v. Finance Service of Norwalk*, 22 F.3d 647 (6th Cir. 1994); *see also* FDCPA § 1692k(a)(2)(A) (stating that damages, above and beyond all actual damages, may not exceed $1,000 "in the case of any action by an individual").

16

contradictory argument to prevail in another phase."[49] In the United States Supreme Court case of *New Hampshire v. Maine*, the Court identified three considerations typically relevant to determining whether judicial estoppel is applicable: (1) "a party's later position must be clearly inconsistent with its earlier position"; (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceedings would create the perception that the [first] court was misled"; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."[50]

      Here, none of these three considerations apply. First, Plaintiff has disclosed the existence of the FDCPA claim, and, as discussed above, including F&G as a potential defendant on Plaintiff's schedules would not have altered the value of the FDCPA claim. Therefore, there is no clear inconsistency between Plaintiff's scheduling of the FDCPA claim and this case against NCOP and F&G. Next, Plaintiff did not mislead the Bankruptcy Court or the trustee by failing to name F&G as a defendant as doing so would not have altered the value of the claim. If anything, Plaintiff's failure to identify F&G as a potential defendant is nothing more than a scrivener's error.[51] And last, Plaintiff does not derive an unfair

---

[49] *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001)
[50] *Id.* at 750-51.
[51] *See Browning v. Levy*, 283 F.3d 761, 776 (6th Cir. 2002) (stating that judicial estoppel is inappropriate in cases of conduct amounting to nothing more than mistake or inadvertence).

17

advantage, nor has F&G been harmed, in omitting F&G as a defendant on the Schedule because any assets listed on this Schedule are for the benefit of the trustee and creditors of the bankruptcy estate, not potential defendants. The trustee would have abandoned the claim regardless of the number of potential defendants listed, since the additional defendants would not have resulted in any additional recovery for the estate. Therefore, Plaintiff respectfully submits to this Court that she should not be judicially estopped from maintaining an action against F&G.

### B. The Trustee Abandoned the Claim when He Had Notice of the Claim and Chose not to Pursue the Claim, Discharging the Debtor

Furthermore, because Plaintiff listed the potential FDCPA claim on the Schedule and made a proper disclosure to the trustee of the claim's existence, the trustee irrevocably abandoned the claim when he chose not to pursue the claim and closed the Plaintiff's bankruptcy case. "Any property scheduled under section 521(1) of [the Bankruptcy Code] not otherwise administered at the time of the closing of a case is abandoned to the debtor."[52] Courts have unequivocally held that property will not be deemed irrevocably abandoned if it was "actually concealed from [the trustee] or where his knowledge of the existence of the property was one of mere suspicion" so that the trustee "has had no opportunity to determine whether it would be of benefit to the estate."[53]

Here, Plaintiff made no attempt to conceal the existence of an FDCPA claim on her bankruptcy petition. Instead, she scheduled it with sufficient specificity to

---

[52] 11 U.S.C. §554(c).
[53] See *Barletta v. Tedeschi*, 121 B.R. 669, 674 (Bankr. N.D.N.Y. 1990)

18

alert the trustee to its existence to allow him to investigate whether pursuing such claim would be of benefit to the estate. But even after having full knowledge of this claim, the trustee chose to not bring the cause of action and closed Plaintiff's bankruptcy case. Courts have refused to dismiss a claim when to do so would create the inequitable result of extinguishing a plaintiff's claim through the inaction of a trustee who did not intend to pursue the claim.[54] Should the Court grant the Defendants' motion here, just such an inequitable result would occur. Accordingly, this claim was abandoned to the Plaintiff by the trustee, and the Plaintiff has full standing to maintain this action against both NCOP and F&G. Plaintiff respectfully requests this court to deny the Defendant's motion on this basis.

## Conclusion

For all the reasons stated above, Plaintiff's action should not be dismissed. It should be allowed to proceed on the merits to determine and expose Defendants' harmful conduct in violation of the FDCPA.


Dated: New York, New York
      March 15, 2012


                                      Respectfully submitted,

                                      Bromberg Law Office, P.C.

                                      By:  /s/ Michael N. Litrownik
                                                Michael N. Litrownik

---

[54] *Id.*