UNITED STATES DISTRICT COURT
EASTERN DISRICT OF NEW YORK
-------------------------------------------------------------x   No. 1:12-cv-00420(DLI)(CLP)
**ORAL ARGUMENT REQUESTED**
EUN JOO LEE, on behalf of herself and all
others similarly situated,

                      Plaintiff

     -against-


FORSTER & GARBUS, LLP and NCOP XI,
LLC,


                      Defendants

-------------------------------------------------------------x


DEFENDANTS' REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF MOTION
TO DISMISS AMENDED COMPLAINT


                                                   ROBERT L. ARLEO, ESQ.
                                                   Attorney for the Defendants
                                                   164 Sunset Park Road
                                                   Haines Falls, New York 12436
                                                   (518) 589-1016

In reviewing the Plaintiff's opposition papers, this Court must stay mindful that the Plaintiff fully understood that the Defendant NCOP XI, LLC and Capital One were, in fact, separate, entities. Proof of same lies in her Chapter 7 bankruptcy petition wherein the Plaintiff listed Capital One and NCOP XI, LLC as separate entities.

On page 3 of the Plaintiff's opposition Memorandum of Law ("Plaintiff's Memorandum") it is stated, "Finally, Plaintiff pleaded that that the Defendant referred to some entity called "NCOP XI, LLC A/P/O CAPITAL ONE" as the creditor to whom the debt is owed." However, a simple perusal of the subject letter indicates that the Defendant F&G never referred to NCOP XI, LLC A/P/O/ CAPITAL ONE" as the "creditor". It simply prefaced the reference with "Your account" (Exhibit "A" to Plaintiff's Amended Complaint).

The bulk of Plaintiff's opposition and claims rests upon her allegation that the "least sophisticated consumer" would not understand the identity of the creditor. Yet this Plaintiff, via her bankruptcy, never intended to pay the debt. Therefore, the fact that the least sophisticated consumer is (allegedly) "…..left to ponder who is the rightful owner of the alleged debt: the exact problem that sec. 1692g of the FDCPA was intended to remedy." (page 7 of Plaintiff's Memorandum) means nothing to this Plaintiff. The absurdity of this Plaintiff's folly argument is further buttressed by the statements set forth on page 11 of the Plaintiff's Memorandum, i.e. "Therefore, Plaintiff and the class members would not know who the correct entity is to be paid and would not know how to challenge the debt because they would not be able to accurately identify the current creditor." However, both of these scenarios meant nothing to this Plaintiff as a) she had no intention of ever paying the debt and; b) she had no intention of challenging the debt. Thus, Plaintiff's claims are not "plausible".

1

Even if the Plaintiff intended to pay the debt, a check made payable to "NCOP XI, LLC A/P/O/ CAPITAL ONE" would have legally satisfied the debt in full. Further, if the Plaintiff wished to challenge the debt, she could have simply exercised her right to dispute the debt and send in a written request for verification. Thus, the reference on page 4 of the Plaintiff's Memorandum to the statement of the Second Circuit in the matter of *Russell v. Equifax, A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996), i.e., " the least sophisticated consumer standard best effectuates the FDCPA's purpose of limiting the suffering and anguish often inflicted by debt collectors", is clearly inapplicable to the allegations set forth in the Plaintiff's Amended Complaint. This Plaintiff has clearly not suffered as a result of the alleged FDCPA violations nor has this Plaintiff experienced any anguish. Importantly, the Defendant F&G was simply attempting to properly comply with a New York City law which requires that a debt collector include the name of an original creditor in all communications to a debtor. Thus, the Defendant F&G was not attempting to invoke any "suffering" or "anguish" upon the Plaintiff.

THE PLAINTIFF FAILED TO DISCLOSE
TO THE BANKRUPTCY TRUSTEE THE
FULL MONETARY RECOVERY WHICH
SHE COULD OBTAIN IN REGARD TO
THIS CLASS ACTION STYLED ACTION

In her bankruptcy schedule the Plaintiff listed the value of her FDCPA claim against NCOP XI, LLC as any amount from $0.00 to $1,000.00. However, this monetary range amount does not represent the full amount of money which the Plaintiff could possibly obtain herein.

As fully understood by the Plaintiff's counsels, federal courts have consistently approved

monetary "incentive awards" in class action lawsuits to compensate named plaintiffs for their services. *In re Southern Ohio Correction Facility*, 175 F.R.D. 270, 272-73 (S. D. Ohio 1997). Indeed, there are *numerous* examples to demonstrate that monetary incentive awards, in addition to the maximum $1,000.00 FDCPA statutory damages, are typically awarded in regard to FDCPA class action lawsuits. *Gross v. Wash. Mut. Bank.*, 2006 U.S. Dist. LEXIS 16975 (E.D.N.Y.)(approving an additional $5,000.00 incentive award to the named plaintiff); *Orloff v. Syndicated Office Sys., Inc.*, 2004 U.S. Dist. LEXIS 7151 (E.D. Pa.)(approving an additional $5,000.00 incentive award to the named plaintiff); *North Star Capital Acquisitions, LLC v. Krig*, 2011 U.S. Dist. LEXIS 4596 (M.D. Fla.)(approving an additional $5,000.00 incentive award to each of the named plaintiffs); *Bonnett v. Educ. Debt Services, Inc.*, 2003 U.S. Dist. LEXIS 9757 (E.D. Pa.)(approving an additional $4,000.00 incentive award to the named plaintiff); *Rosenau v. Unifund*, 646 F.Supp.2d 743 (E.D. Pa. 2009)(approving an additional $3,000.00 incentive award to the named plaintiff); *Durham v. Cont'l. Cent. Credit*, *Inc.,* 2011 U.S. Dist. LEXIS 58684 (S.D. Cal.)(approving an additional $3,000.00 incentive award to the named plaintiff); *Henderson v. Eaton,* 2002 U.S. Dist. LEXIS 20840 (D. La.)(approving an additional $3,000.00 incentive award to the named plaintiff); *Catula v. Resurgent Capital Services, L.P.,* 2010 U.S. Dist. LEXIS 63501 (S.D. Cal.)(approving an additional $2,500.00 incentive award to the named plaintiff); *Aramburu v. Healthcare Fin. Servs.,* 2009 U.S. Dist. LEXIS 33642 (E.D.N.Y)(approving an additional $2,000.00 incentive award to the named plaintiff); *Weiss v. Storey,* 2011 U.S. Dist. LEXIS 41050 (S.D. Ohio)(approving an additional $2,000.00 incentive award to each of the named plaintiffs); *Foti v. NCO Fin. Sys.,* 2008 U.S. Dist. LEXIS 16511 (S.D.N.Y.)(wherein the undersigned counsel for the Defendants herein represented the plaintiffs named therein and

approving an additional $1,500.00 incentive award to the each of the named plaintiffs).

The attorney who signed the herein Amended Complaint, Brian Bromberg, is well aware of the easy availability of additional monetary incentive awards in FDCPA class actions. See *Garland v. Cohen & Krassner*, 2011 U.S. Dist. LEXIS 136622 (E.D.N.Y.)($3,000.00 incentive award).

Based upon all of the foregoing, the Plaintiff failed to disclose to the bankruptcy trustee the full monetary potential of her recovery in regard to the herein class action styled lawsuit. The foregoing authority indicates that the Plaintiff herein may have the potential to recover at least $6,000.00 in regard to the herein class action (as there are no statutory limits on the amount of incentive award which a class representative could receive, it may be argued that she has the potential to recover more than $6,000.00). Therefore, the trustee in Plaintiff's bankruptcy could have easily acted in regard to the Plaintiff's claims had he been fully apprised of the potential value of the Plaintiff's monetary claims herein.

Bankruptcy law requires that a debtor must schedule his interest and property rights. Full and honest disclosure in a bankruptcy case is crucial. Because the bankruptcy court, trustees and creditors rely on the information disclosed by the debtor, the importance of full disclosure cannot be overemphasized. *In re Lowery*, 398 B.R. 512 (Bank. E.D.N.Y. 2008). Here, the Plaintiff failed to satisfy her duty to fully disclose her potential monetary recovery in regard to her claims herein. This Plaintiff did not fully and honestly disclose her potential monetary recover herein to the bankruptcy court and, thus, should be estopped from bringing the herein action.

THE CASES CITED BY THE PLAINTIFF
ARE CLEARLY DISTINGUISHABLE FROM
<u>THE COLLECTION LETTER AT ISSUE</u>

Throughout her Memorandum, the Plaintiff cites to numerous cases which found an FDCPA violation based upon a debt collector's failure to properly set forth the name of a creditor. However, each of these cases concern language which is clearly distinguishable. In *Sparkman v. Zwicker & Associates*, 374 F. Supp. 2d 292, 300-01 (E.D.N.Y. 2005)(cited on pages 4 and 5 of the Plaintiff's Memorandum), the current owner of the account was not listed anywhere in the collection letter. In contrast, the current owner is listed in the subject letter herein. In *Dewees v. Legal Servicing, LLC*, 506 F. Supp. 2d 128, 132-33 (S.D.N.Y. 2007)(cited on pages 4 and 5 of the Plaintiff's Memorandum), the letter at issue therein only identified the original creditor, and not the entity who purchased the debt. The letter at issue herein identified both the original creditor and the purchaser of the debt. In *Schneider v. TSYS Total Debt Management, Inc.*, 2006 WL 1982499, at *3-4 (E.D. Wis.) (cited on page 4 of the Plaintiff's Memorandum), the court denied the defendant's motion to dismiss because the name of the creditor remained unknown to the court such that it was impossible for the court to decide whether the debt collector sufficiently identified the creditor to whom the debt was owed. Initially, the letter at issue herein would not render it impossible for a court to determine that NCOP XI, LLP is the owner of the debt. Notwithstanding, the letter at issue in *Schneider* referred to the creditor therein only as "Target" which, the court held, could have been a reference to numerous other entities which referenced "Target" in their complete names. In contrast, the full name of NCOP XI, LLC is set forth in the subject collection letter.

Plaintiff alleges that New York State court judges can be confused by the identities of a creditor by referring to a New York City Civil Court case (cited on pages 5 and 6 of the Plaintiff's Memorandum). The abject contradictions in regard to who the real Plaintiff was in

5

that case has no comparison to the letter at issue herein. The letter at issue herein does not contain any statements close to the confusing mess in the New York City court case.

In attempted support of her allegation that the Defendants have violated 15 U.S.C. sec. 1692e, the Plaintiff references to *Sequilanda v. Cohen & Slamowitz, LLP*, 2011 WL 434044, at *7 (S.D.N.Y.)(cited on page 8 of the Plaintiff's Memorandum). Therein, the debt collector referenced the current creditor as an unregistered entity that did not own the plaintiff's debt. No such reference was made in the subject letter at issue herein. Plaintiff also references to the matter of *Hepsen v. J.C. Christenson and Associates, Inc.*, 2009 WL 3064865, at * 5 (M.D. Fla.)(cited on page 8 of Plaintiff's Memorandum). The Court therein found an FDCPA violation because the letter failed to list the current creditor. In contrast, the subject letter herein lists the name of the current creditor.

Plaintiff references to *Blarek v. Encore Receivable Management, Inc.*, 2007 WL 984096, at *16 (E.D. Wis.)(cited on page 8 of the Plaintiff's Memorandum). Again, another case which is simply not relevant. Initially, the letter therein stated that the creditor was HSBC when the creditor was actually another bank entity. Importantly, that decision solely concerned a motion for class certification and did not expressly find that the debt collector failed to properly name the creditor.

More relevant to the issue herein is demonstrated by the holding in the matter of *Hammett* v. *Allianceone Receivables Mgmt.*, 2011 US. Dist. LEXIS 97330 (E.D. Pa.). The plaintiff therein alleged that mere truncated or cryptic references to a creditor are deceptive because said references do not allow a plaintiff to identify the nature of the debt. The letter at issue therein stated "Client: PNC Bank". The plaintiff alleged that including the additional word "Client" and

6

"creditor" are not interchangable. This allegation of failure to reference to the name of the creditor, due to the addition of an additional word, is similar to the allegation being advanced by the Plaintiff in the herein action, who rests her entire case upon inclusion of the reference to "A/P/O" in the subject letter. However, the court in *Hammett* stated that, although the debt collector's reference could have been more precise, it did not constitute a violation of the FDCPA. Here, the reference used in the subject collection letter *did* allow the Plaintiff to identify the nature of the debt as her obligation regarding her Capital One account which she listed on her bankruptcy schedule. Similarly, although the reference set forth in the subject collection letter could have been more precise, the A/P/O reference does not constitute an FDCPA violation.

NEW YORK CITY ADMINSTRATIVE
<u>CODE 20-493 DOES HAVE RELEVANCE</u>

On pages 9 and 10 of the Plaintiff's Memorandum she alleges that New York City Administrative Code has no relevance to the Plaintiff's claim. This argument has no merit. Initially, the Plaintiff fails to refute any of the legal authority concerning 15 U.S.C. sec. 1692n (see page 8 of Defendants' Memorandum of Law in support of motion to dismiss) in regard to state debt collection laws as applied to the FDCPA  Instead, Plaintiff argues that the reference to "A/P/O" in the subject letter renders the Defendants liable. Again, this Plaintiff fully understood that NCOP XI, LLC and Capital One were, in fact, two separate entities.

In its moving paper, the Defendants argued that the Plaintiff, if she was truly confused to the current creditor, could have simply invoked the remedies set forth in 15 U.S.C. sec. 1692g(a)(5). Again, the Plaintiff could have sent a written request to the Defendant F&G who would have

7

been legally required to provide the name of Capital One as the original creditor. However, in opposition thereto, the Plaintiff refers to that portion of the *Hepsen* decision which held that the requirement to provide the name and the address of the original creditor does not excuse the debt collector's misidentification of the current creditor in the initial communication (cited on page 10 of the Plaintiff's Memorandum). However, and notwithstanding the Defendants' argument that it did disclose the name of the current creditor in the subject letter, the *Hepsen* court set forth absolutely no legal rationale for its holding. Thus, this Court is absolutely free to invoke logic and reason and common sense and find that the herein Plaintiff's right to request the identity of the original creditor serves as a further basis to dismiss the Plaintiff's Amended Complaint.

### THE PLAINTIFF ADMITS THAT THE SUBJECT CREDITOR REFERENCE IS NOT MATERIAL

In its moving papers the Defendants argued that the alleged creditor misrepresentation was not material, therefore, there can be no FDCPA violation (see page 11 of the Defendants' Memorandum of Law in support of motion to dismiss). In response thereto, the Plaintiff properly recognizes that statements are material if they influence a consumer's decision to pay a debt or if they would impair the consumer's ability to challenge a debt. This Plaintiff intended to do neither. Thus, the alleged failure to provide the name of the creditor was, by Plaintiff's very admission, *immaterial* to her.

In addition to the foregoing, the Plaintiff attacks the Defendants' reference to the holding in *Lane v. Fein, Such & Crane, LLP*, 767 F. Supp. 2d 382 (E.D.N.Y. 2011). Plaintiff alleges that

the Defendants have set forth a "…..flagrantly misleading characterization and citation to a case from this District." (page 11 of the Plaintiff's Memorandum). Incredibly, Plaintiff attempts to support this baseless assertion by claiming that "….there is no legal obligation on debt collectors to provide the name of the creditor to whom the debt is owed in a legal pleading." However, similar to the herein action, the Plaintiff in *Lane* asserted a violation of 15 U.S.C. sec. 1692e. Thus, this case is relevant to the issues herein.

PLAINTIFF FAILURE TO LIST
HER FDCPA CLAIM AGAINST
FORSTER & GARBUS, LLP IN
HER BANKRUPTCY PETITION
<u>DOOMS THE HEREIN ACTION</u>

Plaintiff alleges that the Defendant NCOP XI, LLC is vicariously liable for the conduct of the Defendant F&G. However, the only legal authority offered by the Plaintiff is *Fox v. Citicorp Services, Inc*, 15 F.3d 1507, 1516 (9th Cir. 1994)(cited on page 13 of Plaintiff's Memorandum). Said case stands for the correct premise that the actions of an attorney are to be imputed to the client on who behalf they are taken. However, because the Plaintiff failed to list the Defendant F&G in here bankruptcy petition, there can be no "actions" by F&G which can be imputed to the Defendant NCOP XI, LLC.

Notwithstanding the foregoing, the false allegation that "..every material action taken in this case was taken by both NCOP and F&G" is set forth on page 12 and 13 of the Plaintiff's Memorandum. This Court should be very troubled by this blatant baseless attempt to establish standing herein. The Defendant F&G is a law firm. The sending of the collection letter was done

9

*solely* by the Defendant F&G. NCOP has nothing to do with actual sending of the letter.

PLAINTIFF'S CLAIMS ARE BARRED
BY HER BANKRUPTCY FILING

On pages 13 through 19 of Plaintiff's Memorandum, she asserts numerous alleged reasons why her claims are not barred by her bankruptcy. However, each of her arguments is refuted by the fact that she did not disclose her full potential monetary recovery herein and because she did not disclose her alleged FDCPA claims against the Defendant F&G. Indeed, the failure to list a known large, solvent local debt collection law firm further deprived the trustee of the opportunity to determine whether this claim could have benefited the Plaintiff's bankruptcy estate. *Barletta v. Tedeschi*, 121 B.R. 669, 674 (Bank. N.D.N.Y. 1990). As such, there is nothing "inequitable" in granting the herein motion to dismiss the Amended Complaint.

DATED: Haines Falls, New York
          March 22, 2012

                                                                          Respectfully submitted,

                                                                          / s / *Robert L. Arleo*
                                                                          ROBERT L. ARLEO, ESQ.
                                                                          Attorney for the Defendants
                                                                          164 Sunset Park Road
                                                                          Haines Falls, New York
                                                                          12436
                                                                          (518) 589-1016

15