**ROBERT L. ARLEO, ESQ.**
380 Lexington Avenue
17th Floor
New York, N.Y.  10168

Telephone: (212) 551-1115                                                                 Fax: (518) 751-1801
Email: r.arleo@verizon.net

September 10, 2012

Hon. Dora L. Irizarry
District Judge
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York   11201

                  Re:  Lee v. Forster & Garbus, LLP et al.
                      12-cv-420

Dear Judge Irizarry:

   I am counsel for the Defendants named in the above-entitled action. Pending before Your Honor is Defendants' Motion to Dismiss the Amended Complaint. I am corresponding herein to supplement the record based upon the issuance of recent case law which provides further legal support for the Defendants' pending motion.

   The facts of this case are as follows. Plaintiff obtained a credit card from Capital One Bank. Plaintiff defaulted thereto. Plaintiff's defaulted account was sold by Capital One Bank and the Defendant NCOP XI, LLP obtained an assignment thereof. The Defendant Forster & Garbus, LLP ("F&G") sent a collection letter to the Plaintiff. The Defendant F&G complied with an express law passed by the New York City Department of Consumer Affairs which mandates that a debt collector include the name of an original creditor in any communication sent to a consumer. In compliance with the New York City law, the Defendant F&G set forth the following statement in the collection letter sent to the Plaintiff: "NCOP XI, LLC A/P/O CAPITAL ONE."

   The Amended Complaint alleges violations of the Fair Debt Collection Practices Act (FDCPA). Plaintiff claims that there is no such entity as "NCOP XI, LLC A/P/O CAPITAL ONE."  Plaintiff claims that the Defendants violated 15 U.S.C. sec. 1692g by failing to provide the name of a creditor. Plaintiff moreover alleges that the designation set forth by the Defendants, and the use of the abbreviation "A/P/O", is confusing and deceptive to the least sophisticated consumer, thereby constituting false, deceptive and misleading conduct in violation of 15 U.S.C. sec. 1692e and unfair and unconscionable act under 15 U.S.C. sec. 1692f.

2

The recent case law to which I referred heretofore herein is *Tourgeman v. Collins Financial Services, et al.*, 2012 WL 3731807 (S.D. Cal. Aug. 29, 2012). I include a copy of the decision herewith. The debt collector therein had sent collection letters which misidentified the name of the original creditor and loan number. However, the *Tourgeman* court held that this misidentification did not violate the FDCPA in part because the letters "provided the recipient with the option to call to discuss the nature of the loan if there were questions involved, and the Court finds that the recipients of the letters were thus able to intelligently chose how to respond to the letter." *Id* at *5. (The relevant portions in the attached copy of the decision are set forth on pages 7-8 therein.)

The holding in *Tourgeman* clearly provides further legal support for the Defendants in regard to their pending motion to dismiss the Amended Complaints. A copy of the collection letter at issue herein is attached as Exhibit "A" to the Plaintiff's Amended Complaint. Said letter sets forth two telephone numbers for the Defendant F&G above the statement **Representative Name: MS HARRIS.** The letter then sets forth the days and times which the Plaintiff could have contacted the F&G Representative with any questions she may have had concerning the representations set forth in the subject letter.

Based upon the foregoing the Defendants respectfully request that Your Honor consider the *Tourgeman* decision in regard to Defendants' pending motion.

                                                                       Respectfully submitted,

                                                                       / s / *Robert L. Arleo*

                                                                       Robert L. Arleo

RLA:gra

cc:   Brian L. Bromberg via ECF

Case 1:12-cv-00420-DLI-CLP   Document 19   Filed 09/10/12   Page 3 of 3 PageID #: 142