# BROMBERG LAW OFFICE, P.C.

Brian L. Bromberg (Admitted in NY & CA)                    40 Exchange Place, Suite 2010
Michael N. Litrownik, Associate (Admitted in NY & MA)      New York, NY 10005
                                                           Phone: (212) 248-7906
                                                           Fax:   (212) 248-7908

September 14, 2012

Via ECF
Honorable Dora L. Irizarry, U.S.D.J.
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Lee v. Forster & Garbus, LLP, et al.*, No. 12-cv-420 (DLI)(CLP)

Dear Judge Irizarry:

      My office represents the Plaintiff in the above-referenced class action brought under the Fair Debt Collection Practices Act. 15 U.S.C. § 1692, *et seq.*

      I am writing in response to Defendants' letter, dated September 10, 2012, supplementing the record with a recent FDCPA decision from the Southern District of California. I am also writing to supplement the record with three recent decisions, two from the circuit court of appeals, and one from a district court.

1. **Defendants' Case is Distinguishable**

      First, Defendants discuss and attach *Tourgeman v. Collins Financial Services*, 2012 WL 3731807 (S.D. Cal. Aug. 29, 2012), but omit a key detail that make the case wholly distinguishable. Simply, the court in *Tourgeman* decided a motion to dismiss plaintiff's claims under § 1692c, d, e, f, and i of the FDCPA, *see id.* at *3, *not* under § 1692g(a)(2), as here, which regulates the initial communication to the debtor. *See* 15 U.S.C. § 1692g(a). As discussed in Plaintiff's Opposition to Defendants' Motion to Dismiss, Congress made a determination in enacting § 1692g(a)(2) that the debt collector has an affirmative, statutory obligation to provide the truthful and accurate name of the current creditor in its initial communication to the consumer. There is no such express, corresponding obligation under sections c, d, e, or f of the FDCPA. In other words, the relevant issue, *inter alia*, in *Tourgeman* was simply whether the communications were false, deceptive, or misleading, not whether they correctly identified the current creditor under § 1692g, as here.

2. **Recent Circuit Courts and a District Court Support Plaintiff's Argument**

      The Fourth Circuit recently concluded that even though violations grounded in "false representations" under § 1692e must rest on material misrepresentations, an allegation of a failure to disclose does not require materiality because the

1

gravamen of the allegation is that the debt collector *omitted* something expressly required under the FDCPA. *See Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 374 (4th Cir. 2012) (emphasis in original) (attached as Exhibit A). Even though *Warren* was decided under FDCPA § 1692e, the same reasoning applies here because Plaintiffs have alleged here that Defendants omitted the name of the creditor to whom the debt is owed, an express requirement under FDCPA § 1692g(a)(2).

Similarly, the Eleventh Circuit recently held that an allegation that a debt collector misidentified a company as a creditor on a communication stated a colorable claim under FDCPA § 1692e because "[t]he identity of the "creditor" in these notices is a serious matter." *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012) (attached as Exhibit B).

Finally, in the most similar case, the Northern District of Illinois recently held that a plaintiff properly pleaded a claim under FDCPA § 1692g(a)(2) where the debt collector listed three entities in four different roles in its initial communication. *See Walls v. United Collection Bureau, Inc.*, No. 11 C 6026, 2012 WL 1755751 (N.D. Ill. May 16, 2012) ("[Plaintiff] alleges that the dunning letter he received from UCB … is confusing as to whom the debt is owed because at the top of the page, it identifies Resurgent as the 'Client' and LVNV as the 'Current Owner' (while identifying Credit One Bank, N.A. as the 'Original Merchant' and 'Original Creditor'). He points out that there is no explanation of the relationship between Resurgent and LVNV, or between the 'Client' and the 'Current Owner.' Neither one is identified explicitly as the 'creditor to whom the debt is owed.'") (attached as Exhibit C). The court denied the defendants' motion to dismiss because an unsophisticated consumer would simply not be able to figure out the creditor to whom the debt is owed, as required under § 1692g(a)(2). *Id.* at *2. The court also rejected the defendants' contention that what plaintiff was complaining of was immaterial, finding that when the name of the current creditor to whom the debt is owed "is presented in an arguably confusing manner, it could influence the consumer's decision. For example, it could cause an unsophisticated consumer to be concerned about the possibility of being defrauded or about paying the incorrect creditor and continuing to have outstanding debt." *Id.* (citing *Braatz v. Leading Edge Recovery Solutions, LLC*, No. 11 C 3835, 2011 U.S. Dist. LEXIS 123118, at *4 (N.D. Ill. Oct. 21, 2011)). Here, Plaintiff could similarly be concerned about being defrauded by making a payment to "NCOP XI, LLC A/P/O CAPITAL ONE." Indeed, because there is *no such entity*, *see* Plaintiff's Opposition to Defendants' Motion to Dismiss, Plaintiff would also be making a payment to the incorrect creditor. The Defendants here as much as conceded that no such entity exists and instead argued that this entity in part contains the name of the current creditor.

In sum, the overarching theme running through these cases is a plain rejection of the contention that the burden rests on the consumer to deduce, discern,

2

or discover the name of the current creditor to whom the debt is owed. Rather, the burden rests on the defendants; and if the defendants fail to provide this information in a clear and confusion-free manner, they are in violation of § 1692e as well as § 1692g(a)(2), if the communication was an initial one.

Sincerely,

/s/ Michael N. Litrownik

Michael N. Litrownik

cc:     Robert L. Arleo, Esq. (Via ECF)

# Exhibit A

676 F.3d 365
United States Court of Appeals,
Fourth Circuit.

Margaret Gayle Herring
WARREN, Plaintiff–Appellant,
v.
SESSOMS & ROGERS, P.A.; Lee
C. Rogers, Defendants–Appellees.
Margaret Gayle Herring Warren, Plaintiff–Appellee,
v.
Sessoms & Rogers, P.A.; Lee C.
Rogers, Defendants–Appellants.

Nos. 10–2105, 10–2155.   |   Argued:
Dec. 6, 2011.   |   Decided: Jan. 11,
2012.   |   As Amended Feb. 1, 2012.

**Synopsis**

**Background:** Debtor filed action alleging that law firm and attorney had violated Fair Debt Collection Practices Act (FDCPA). The United States District Court for the Eastern District of North Carolina, Terrence W. Boyle, J., dismissed action. Debtor appealed.

**Holdings:** The Court of Appeals, Diana Gribbon Motz, Circuit Judge, held that:
[1] offer of payment in amount of $250 in actual damages did not moot debtor's action;
[2] offer conditioning amount of actual damages on district court's determination did not moot debtor's action;
[3] materiality was not element of FDCPA claim about debt collector's conduct that involved "failure to disclose" "that the communication" was "from a debt collector"; and
[4] debtor stated claim that law firm and attorney had violated FDCPA provision which prohibited debt collector from contacting consumer when debt collector "knows" consumer was represented by attorney.

Reversed and remanded.

West Headnotes (12)

[1]     **Federal Courts**
          Particular cases or questions, justiciable controversy

Offer of judgment did not moot debtor's action alleging that law firm and attorney had violated FDCPA, on motion for lack of subject matter jurisdiction, where defendants had offered payment of $250 in actual damages, debtor had not made specific demand for actual damages, and discovery had not been taken as to amount of debtor's actual damages and district court did not hold hearing to resolve jurisdictional issue. U.S.C.A. Const. Art. 3, § 1 et seq.; Fair Debt Collection Practices Act, § 803 et seq., 15 U.S.C.A. § 1692a et seq.; Fed.Rules Civ.Proc.Rules 12(b)(1), 68, 28 U.S.C.A.

1 Cases that cite this headnote

[2]     **Federal Courts**
          Case or Controversy Requirement

Mootness principles derive from Article III of the Constitution, which mandates that federal courts adjudicate only disputes involving "a case or controversy." U.S.C.A. Const. Art. 3, § 1 et seq.

[3]     **Federal Courts**
          Determination of question of jurisdiction

Court of Appeals must investigate the limits of its subject-matter jurisdiction whenever that jurisdiction is "fairly in doubt." U.S.C.A. Const. Art. 3, § 1 et seq.

2 Cases that cite this headnote

[4]     **Federal Courts**
          Case or Controversy Requirement

A case becomes moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome; a change in the law can render a case moot, or a change in factual circumstances can moot a case, such as when the claimant receives the relief she sought to obtain through her claim. U.S.C.A. Const. Art. 3, § 1 et seq.

1 Cases that cite this headnote

| | | | |
|---|---|---|---|
| **[5]** | **Federal Civil Procedure**<br>🔑 Offer of judgment | | |

A plaintiff must know unequivocally what is being offered through an offer of judgment in order to be responsible for refusing such offer; thus, an offer of judgment must specify a definite sum or other relief for which judgment may be entered and must be unconditional. Fed.Rules Civ.Proc.Rule 68, 28 U.S.C.A.

3 Cases that cite this headnote

**[6]** **Federal Civil Procedure**
🔑 Offer of judgment

**Federal Courts**
🔑 Particular cases or questions, justiciable controversy

When an offer of judgment unequivocally offers a plaintiff all of the relief she sought to obtain, the offer renders the plaintiff's action moot. U.S.C.A. Const. Art. 3, § 1 et seq.; Fed.Rules Civ.Proc.Rule 68, 28 U.S.C.A.

6 Cases that cite this headnote

**[7]** **Federal Courts**
🔑 Affidavits and evidence in general

**Federal Courts**
🔑 Presumptions and burden of proof

When a defendant challenges the existence of subject matter jurisdiction in fact, the plaintiff bears the burden of proving the truth of such facts by a preponderance of the evidence.

**[8]** **Federal Civil Procedure**
🔑 Offer of judgment

**Federal Courts**
🔑 Particular cases or questions, justiciable controversy

Offer of judgment that conditioned amount of actual damages on district court's determination did not moot debtor's action alleging that law firm and attorney had violated FDCPA, since offer was not unequivocal in that it had been predicated on what district court as fact finder might or might not do; debtor did not have guarantee that defendants would not offer their own submissions as to damages or challenge veracity of hers and offer deprived debtor of her right to have jury determine disputes of fact regarding actual damages. U.S.C.A. Const. Art. 3, § 1 et seq.; Fair Debt Collection Practices Act, § 813(a)(1), (a)(2)(A), 15 U.S.C.A. § 1692k(a)(1), (a)(2)(A); Fed.Rules Civ.Proc.Rules 38, 39(b), 68, 28 U.S.C.A.

**[9]** **Antitrust and Trade Regulation**
🔑 Communications, representations, and notices;  debtor's response

Materiality was not element of FDCPA claim about debt collector's conduct that involved "failure to disclose" "that the communication" was "from a debt collector," since debt collectors were required to disclose their status in every communication with consumer. Fair Debt Collection Practices Act, § 807(11), 15 U.S.C.A. § 1692e(11).

3 Cases that cite this headnote

**[10]** **Antitrust and Trade Regulation**
🔑 Communications, representations, and notices;  debtor's response

Debtor stated claim that law firm and attorney had violated FDCPA provision which prohibited debt collector from contacting consumer when debt collector "knows" consumer was represented by attorney, on allegations that she informed defendants by letter that attorney represented her, directed defendants to communicate with her attorney, and provided defendants with her attorney's name and mailing address and defendants sent another letter directly to debtor in connection with collection of debt which opened with phrase, "Thank you for your recent letter concerning this account." Fair Debt Collection Practices Act, § 805(a)(2), 15 U.S.C.A. § 1692c(a)(2).

3 Cases that cite this headnote

**[11]** **Antitrust and Trade Regulation**

🔑 Knowledge and intent; "bona fide errors"

The FDCPA imposes liability without proof of an intentional violation. Fair Debt Collection Practices Act, § 813(a, b), 15 U.S.C.A. § 1692k(a, b).

[12]   Antitrust and Trade Regulation
🔑 Presumptions, inferences, and burden of proof

Under the FDCPA, the "bona fide error" defense is one that a defendant must prove. Fair Debt Collection Practices Act, § 813(c), 15 U.S.C.A. § 1692k(c).

**Attorneys and Law Firms**

**\*367** ARGUED: Anthony J. Majestro, Powell & Majestro, PLLC, Charleston, West Virginia, for Appellant/Cross–Appellee. Dauna L. Bartley, Ellis & Winters, LLP, Raleigh, North Carolina, for Appellees/Cross–Appellants. **ON BRIEF:** Angela Orso Martin, Martin Attorney at **\*368** Law, PLLC, Sanford, North Carolina, for Appellant/Cross–Appellee.

Before MOTZ, GREGORY, and FLOYD, Circuit Judges.

**Opinion**

Reversed and remanded by published opinion. Judge MOTZ wrote the opinion, in which Judge GREGORY and Judge FLOYD joined.

**OPINION**

DIANA GRIBBON MOTZ, Circuit Judge:

Margaret Warren sued the law firm of Sessoms & Rogers, P.A. ("S & R") and attorney Lee C. Rogers (collectively "the defendants"), alleging that they violated the Fair Debt Collection Practices Act ("FDCPA" or the "Act"), 15 U.S.C. § 1692 *et seq.* Prior to any discovery, the defendants made Warren an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. When Warren did not accept the offer, the defendants then moved to dismiss this action. They contended that the offer of judgment mooted Warren's case and, in the alternative, that her complaint failed to state a claim upon which relief could be granted. The district court dismissed Warren's complaint, concluding that her allegations failed to "show a material violation" of the Act or that the defendants "knowingly and willfully violated the Act." Warren appeals. For the reasons set forth below, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

I.

We first set forth the facts alleged in Warren's amended complaint.

Shortly after Warren's husband, Robert Warren, died in March 2006, she learned of the debt at issue in this case: an overdue personal VISA credit card account at Branch Banking & Trust Co. ("BB & T"). When Warren's own attempts to obtain the signature card on the account failed, she enlisted the help of her son-in-law, Russ Gerald, to access the account via online banking. Gerald discovered that the BB & T account listed only Robert Warren's name. However, at some point, BB & T had begun sending Warren statements bearing both her and her husband's names. Under an assertedly mistaken belief that she was obligated to make payments on the account after her husband's death, Warren had begun to make such payments.[1] She eventually ceased these payments.

In February 2009, Warren began to receive communications from S & R, a law firm "engaged in the collection of debts," regarding the BB & T debt. S & R sent her an initial collection letter dated February 24, 2009, which stated that BB & T retained the firm "to assist them in the recovery of the debt that you owe them." The letter informed Warren that she was "in default under the terms of [her] credit agreement," and that the "entire balance [was] due and payable." Additionally, the letter stated that Warren could "dispute this debt" within thirty days of receipt of the letter. The letter advised Warren that it was "an attempt to collect a debt" and that S & R was a "debt collector." Defendant Rogers signed the letter on behalf of S & R.

Warren also alleges that she began to receive phone calls from S & R in regard to the debt in February 2009. Specifically, she alleges that S & R representative, John Harden, left her the following telephone message: "Yes this call is for a Mr. **\*369** or Mrs. Warren. This is John Harden with Sessoms & Rogers law firm. If you would, please give me a return call as soon as possible." The message provided a call back

number but did not identify S & R as a debt collector. At this time, Warren "became afraid to answer her phone, her door or collect the mail."

Warren disputed the debt in a March 7, 2009 letter to S & R. In the letter, she requested verification of the debt. Warren also requested that S & R "[p]lease send all future correspondence, including the verification [that she had] requested directly to [her] attorney" and provided the name and mailing address of her retained counsel. Thereafter, Rogers, on behalf of S & R, sent another collection letter directly to Warren, dated March 17, 2009. This letter began by thanking Warren "for [her] recent letter concerning this account." Upon receipt of this letter, Warren alleges that she "became highly upset, angry, confused, irritated and worried."

On November 16, 2009, Warren filed a one-count amended complaint in federal district court, alleging numerous violations of the Act and seeking a jury trial.[2] Specifically, and most relevant to this appeal, she alleges that the defendants violated 15 U.S.C. § 1692c(a)(2) by "communicating with [her] when they knew she was represented by an attorney and had actual knowledge of her attorney's name and address" and violated § 1692e(11) "by failing to notify [her] in subsequent communications that the communication was from a debt collector." Warren also alleges several other violations of § 1692e based on her contention that S & R used "false, deceptive, or misleading representations or means in connection with the collection of any debt." In her prayer for relief, Warren seeks an award of unspecified actual damages, statutory damages of $1,000, costs, and reasonable attorney's fees.

On December 4, 2009, the defendants filed an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68. The offer provides for "judgment to be taken against" the defendants for the following amounts:

> (1) Actual damages in the amount of $250.00, or an amount determined by the Court upon Plaintiff's submission of affidavits or other evidence of actual damage;
>
> (2) Statutory additional damages in the amount of $1,001.00;
>
> (3) Costs of this action accrued to date; and
>
> (4) A reasonable attorney's fee to date as determined by the Court.

In accordance with Rule 68, the offer provided Warren fourteen days to accept these terms. Warren did not accept the offer.

Thereafter, on December 24, 2009, the defendants moved to dismiss the amended complaint on two grounds. First, they invoked Rule 12(b)(1), contending that Warren's case had "been mooted and must be dismissed for lack of subject matter jurisdiction" because they offered her, pursuant to Rule 68, "all the relief to which" she was entitled. In the alternative, the defendants invoked Rule 12(b)(6), arguing that the court should dismiss Warren's complaint because, since it "adequately alleged only two minor technical violations," both of which resulted from defendants' "bona fide error," it failed to state a claim upon which relief can be granted.

**\*370** Warren opposed the defendants' motion to dismiss. She maintained that the offer of judgment left "open the amount of actual damages" and "did not offer [her] all she may have been entitled" including her "right to a jury trial for a determination of her actual damages." Warren further argued that the defendants' claim of "bona fide error" was an "affirmative defense" for which they "bear[ ] the burden of pleading" and proof "by a preponderance of the evidence," and thus provided no proper basis for dismissal under Rule 12(b)(6). Warren attached to her opposition memorandum her own affidavit and those of her daughter and son-in-law attesting to the stress that she endured from the defendants' assertedly illegal debt-collection efforts.

The district court granted the defendants' motion to dismiss in a two-paragraph order, concluding Warren's "allegations do not show a material violation of [the] Act, nor that the defendants knowingly and willfully violated the Act." Warren timely noted this appeal.

## II.

**[1] [2] [3]** Although the district court did not rule on the defendants' Rule 12(b)(1) motion to dismiss on mootness grounds, we must address this question at the outset, for if Warren's case is moot, we lack subject-matter jurisdiction. *See Iron Arrow Honor Soc'y v. Heckler,* 464 U.S. 67, 70, 104 S.Ct. 373, 78 L.Ed.2d 58 (1983); *S–1 v. Spangler,* 832 F.2d 294, 297 (4th Cir.1987). This is so because mootness principles derive from Article III of the Constitution, which mandates that federal courts adjudicate only disputes involving "a case or controversy." *DeFunis v.*

*Odegaard,* 416 U.S. 312, 316, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974) (internal quotation omitted). As a federal court, we must investigate the limits of our subject-matter jurisdiction whenever that jurisdiction is "fairly in doubt." See *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1945, 173 L.Ed.2d 868 (2009); *see also Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006).

 **[4]**   A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Simmons v. United Mortg. & Loan Inv., LLC,* 634 F.3d 754, 763 (4th Cir.2011) (internal quotation omitted). A change in the law can render a case moot. *Id.* Or, a change in factual circumstances can moot a case; for example, "when the claimant receives the relief ... she sought to obtain through [her] claim," her case becomes moot. *Id.* (quoting *Friedman's, Inc. v. Dunlap,* 290 F.3d 191, 197 (4th Cir.2002)). Accordingly, we have found "there was no longer any case or controversy" when "defendants had offered [a plaintiff] the full amount of damages" to which the plaintiff claimed entitlement. *Zimmerman v. Bell,* 800 F.2d 386, 390 (4th Cir.1986).

Thus, the initial question in this appeal is whether the defendants' Rule 68 offer of judgment mooted Warren's case. Rule 68 provides that, at least fourteen days before trial begins, "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed.R.Civ.P. 68(a). If a plaintiff rejects a Rule 68 offer, she must "pay the costs incurred after the offer was made" if the amount awarded at trial is less than the offer. Fed.R.Civ.P. 68(d). The "plain purpose" of this rule "is to encourage settlement and avoid litigation." *Marek v. Chesny,* 473 U.S. 1, 5, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985).

 **[5]**   **[6]**   To effectuate the purposes of Rule 68, an offer of judgment "must specify ***371** a definite sum or other relief for which judgment may be entered and must be unconditional." *Simmons,* 634 F.3d at 764 (citing 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3002, p. 92 (2d ed.1997)). "[T]he plaintiff must know unequivocally what is being offered in order to be responsible for refusing such offer." *Id.* When a Rule 68 offer unequivocally offers a plaintiff all of the relief "she sought to obtain," *Dunlap,* 290 F.3d at 197, the offer renders the plaintiff's action moot. *See, e.g., O'Brien v. Ed Donnelly Enters., Inc.,* 575 F.3d 567, 575 (6th Cir.2009); *Rand v. Monsanto Co.,* 926 F.2d 596, 597–98 (7th Cir.1991); *Abrams v. Interco, Inc.,* 719 F.2d 23, 32–33 (2d Cir.1983); *see also Simmons,* 634 F.3d at 763–64.

The defendants contend that their Rule 68 offer provided Warren with the maximum recovery available to her and thus mooted her case. As Warren conceded at oral argument before us, the Rule 68 offer of judgment did provide her with all possible *statutory* damages. The Act contemplates a maximum recovery of $1,000 in statutory damages in "any *action* by an individual," 15 U.S.C. § 1692k(a)(2)(A) (emphasis added), and the offer of judgment provided for $1,001 in such damages. [3]

The Act, however, places no similar statutory cap on a plaintiff's actual damages, *see id.* § 1692k(a)(1), and Warren sought an unspecified award of actual damages in her amended complaint. The defendants' Rule 68 offer of judgment proposed two alternative actual damage awards: (1) $250, or (2) "an amount determined by the Court upon Plaintiff's submission of affidavits or other evidence of actual damage." The defendants contend that the offer of these options moots Warren's action.

### A.

As to the first option, the defendants argue that Warren's "evidence fails to show" that she suffered more than $250 in actual damages, and thus she has failed to prove that this option did not fully satisfy her demand. Appellee's Br. at 26. Accordingly, they maintain, Warren has not proved the continued existence of a factual basis for subject matter jurisdiction.

 **[7]**   Of course, it is true that when "a defendant challenges the existence of subject matter jurisdiction in fact, the plaintiff bears the burden of proving the truth of such facts by a preponderance of the evidence." *Vuyyuru v. Jadhav,* 555 F.3d 337, 347 (4th Cir.2009). As the defendants conceded at oral argument, however, the district court engaged in no jurisdictional fact finding in this case. The defendants would therefore have us make such factual findings in the first instance. This we cannot do. *See Columbus–Am. Discovery Grp. v. Atl. Mut. Ins. Co.,* 56 F.3d 556, 575–76 (4th Cir.1995) ("It is a basic tenet of our legal system that, although appellate courts often review facts found by a judge or jury to ensure that they are not clearly erroneous, they do not make such findings in the first instance.").

Moreover, the defendants can point to no evidentiary record from which any court could determine whether Warren could satisfy this burden. The district court held no hearing to resolve the jurisdictional issue nor has any discovery been

taken as to the amount of Warren's actual damages. *See Kerns v. United States,* 585 F.3d 187, 193 (4th Cir.2009) (holding that **\*372** "when the defendant challenges the veracity of the facts underpinning subject matter jurisdiction, the trial court may go beyond the complaint, conduct evidentiary proceedings, and resolve the disputed jurisdictional facts," and "when the jurisdictional facts are inextricably intertwined with those central to the merits, the court should resolve the relevant factual disputes only after appropriate discovery").

Certainly, had Warren made a specific demand in the amended complaint for actual damages and the defendants offered that amount or more, the offer of judgment would have mooted Warren's action. *See O'Brien,* 575 F.3d at 573 (Rule 68 offer of judgment mooted two counts of plaintiff's complaint when defendants offered "the full amount of claimed damages" for those counts). Similarly, had Warren quantified her alleged damages in response to a discovery request and the defendants offered that amount, her case would be moot. *See Rand,* 926 F.2d at 597–98 (holding individual plaintiff's case mooted by defendant's offer for "the full amount by which *answers to interrogatories* assert that [the plaintiff] was injured, plus the costs of the suit" (emphasis added)); *Zimmerman,* 800 F.2d at 388 (same); *see also Abrams,* 719 F.2d at 25–26 (holding Rule 68 offer of judgment mooted case when plaintiffs acknowledged "the amount offered was undoubtedly more than any damages they would individually recover after trial").

But, at this stage of the proceedings, before any evidentiary hearing or judicial fact finding in the district court, we simply cannot hold that Warren could not possibly recover more than $250 if her case proceeded to a jury trial. *See Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.,* 242 F.Supp.2d 273, 277–78 (S.D.N.Y.2002) (explaining that, even though defendants offered plaintiff full statutory damages, attorney's fees, costs, and additional $500 to settle FDCPA claim, the court could not, on the basis of a Rule 12(b)(1) motion, determine the existence or amount of actual damages). Accordingly, the first option offered by defendants—payment of $250 in actual damages—did not moot Warren's case.

**B.**

[8]   The second option offered by the defendants—conditioning the amount of actual damages on the district court's determination—also failed to moot Warren's action. To moot a plaintiff's case, an offer must be unequivocal. *See Simmons,* 634 F.3d at 766 (holding "conditional nature" of settlement offer failed to "render the Plaintiffs' ... claims moot").

We faced a similar issue last term in *Simmons,* in which a defendant in a Fair Labor Standards Act case offered to settle the litigation for an unspecified amount of damages. There, the defendants offered to "fully" compensate plaintiffs "upon receipt of an affidavit" that calculated the overtime pay at issue and "a statement explaining how the calculation of overtime amounts claimed was done." *Id.* at 760–61. Judge Hamilton carefully explained for the court that the "vagaries inherent in [the] offer of settlement" raised questions about what might result if the defendant challenged the plaintiffs' explanation of its damages calculation. *Id.* at 766.

The offer here, leaving the "amount [of damages to be] determined by the Court upon plaintiff's submission[s]," suffers from the same inherent flaw. Defendants' offer was not unequivocal but "conditional," predicated on what the district court as fact finder might or might not do. *See id.; see also Basha v. Mitsubishi Motor Credit of Am., Inc.,* 336 F.3d 451, 454–55 (5th Cir.2003) (describing as "vague" Rule 68 offer in FDCPA case that left calculation **\*373** of actual damages to later agreement by attorneys). Further, like the offer in *Simmons,* this option provided Warren no guarantee that the defendants would not offer their own submissions as to damages or challenge the veracity of hers.[4]

Moreover, the defendants' offer deprives Warren of her right to have a jury determine disputes of fact regarding actual damages. The defendants have acknowledged, as they must, that Warren was entitled to have a jury determine her actual, as opposed to statutory, damages. *See* Fed.R.Civ.P. 38 (preserving the "right of trial by jury" in civil actions); 15 U.S.C. § 1692k(a)(1), (2)(A) (providing for actual and statutory damages and limiting a court's discretion to awarding only the statutory damages). Yet, as the defendants would have it, a savvy defendant in an FDCPA case could avoid submitting the contested issue of actual damages to a jury by offering to substitute the district court as fact finder.

The defendants contend that their offer *permitted* a jury trial on actual damages because the district court could have impaneled a jury for that purpose. *See* Fed.R.Civ.P. 39(b) (providing that a "court may, on motion, order a jury trial on any issue for which a jury might have been demanded"). However, such relief would still be conditioned on what the district court in its discretion might or might not do. *Simmons,* 634 F.3d at 766. Again, an offer must be *unequivocal* to moot a plaintiff's case.

In sum, neither option offered by defendants to satisfy Warren's alleged actual damages moots her case.

### III.

 **[9]**   Having determined that the defendants' Rule 68 offer of judgment did not moot Warren's action, we turn to the question of whether the district court properly dismissed Warren's complaint pursuant to Rule 12(b)(6). We review the district court's grant of a motion to dismiss *de novo,* accepting as true the complaint's factual allegations and drawing all reasonable inferences in favor of the plaintiff. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.,* 637 F.3d 435, 440 (4th Cir.2011).

As the Supreme Court recently explained, "Congress enacted the FDCPA in 1977 to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,* ––– U.S. ––––, 130 S.Ct. 1605, 1608, 176 L.Ed.2d 519 (2010) (internal citation omitted); *see also* 15 U.S.C. § 1692e). In this appeal, Warren challenges the district court's dismissal of her FDCPA claim as it pertains to the defendants' alleged violations of 15 U.S.C. §§ 1692e(11) and 1692c(a)(2), and further maintains the district court erred in holding that she had to allege the defendants "willfully" violated the Act.

### A.

First, Warren contends that the district court erred in making a blanket holding that she failed to allege a "material violation of" the Act in relation to her allegations under 15 U.S.C. § 1692e(11). That subsection requires debt collectors "to disclose" in their initial and subsequent communications **\*374** with consumers "that the communication is from a debt collector." *Id.* Warren maintains that the February 2009 phone call violated § 1692e(11).

Generally, § 1692e prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section 1692e also provides a non-exhaustive list of "conduct" that satisfies this general prohibition. With one exception, that list involves particular types of false or misleading representations from the debt collector. Only the subsection relied on by Warren, § 1692e(11), contemplates a "failure to disclose" certain information, namely "that the communication is from a debt collector."

Although Congress did not expressly require that any violation of § 1692e be material, courts have generally held that violations grounded in "false representations" must rest on material misrepresentations. For example, analyzing an alleged violation of § 1692e(2), which prohibits a "false representation of the character, amount, or legal status of any debt," the Seventh Circuit reasoned that the Act "is designed to provide information that helps consumers to choose intelligently," and thus held that because "[a] statement cannot mislead unless it is material, ... a false but non-material statement is not actionable." *Hahn v. Triumph P'ships LLC,* 557 F.3d 755, 757–58 (7th Cir.2009); *see also Donohue v. Quick Collect, Inc.,* 592 F.3d 1027, 1033 (9th Cir.2010); *Miller v. Javitch, Block & Rathbone,* 561 F.3d 588, 596 (6th Cir.2009).

Warren's allegations, however, do not involve a *false representation,* or any affirmative representation for that matter. Rather, as described above, Warren complains about conduct that involves a "failure to disclose" "that the communication," the February 2009 phone message, was "from a debt collector." The statute expressly prohibits this exact *omission* by requiring debt collectors to disclose their status in every communication with a consumer. Accordingly, whether a materiality requirement attaches to other violations of § 1692e has no impact on Warren's allegations that the defendants violated § 1692e(11). *Cf. Sayyed v. Wolpoff & Abramson,* 485 F.3d 226, 235–36 (4th Cir.2007) (analyzing alleged § 1692e(11) violation with no discussion of materiality requirement). The district court thus erred in concluding that Warren failed to allege a violation of § 1692e(11).

### B.

 **[10]**   Warren also contends that the district court erroneously held that she failed to allege that the defendants "knowingly" violated § 1692c(a)(2) of the Act. Section 1692c(a)(2) prohibits a debt collector from "communicat[ing] with a consumer in connection with the collection of any debt ... if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address."

Here, Warren alleges that by letter dated March 7, 2009, she informed the defendants that an attorney represented her, directed the defendants to communicate with her attorney,

and provided the defendants with her attorney's name and mailing address. Nevertheless, a week later on March 17, 2009, the defendants sent directly to Warren another letter in connection with the collection of the debt at issue. The letter opened with the phrase, "Thank you for your recent letter concerning this account." Drawing all reasonable inferences in favor of Warren, her allegations adequately state that the defendants, having received Warren's letter, knew she was "represented by an attorney" and how ***375** to contact the attorney when they sent her the March 17 letter. And yet, in violation of § 1692c(a)(2), the defendants communicated not with her attorney, but directly with her. Thus, we can only conclude that the district court erred in concluding Warren failed to allege that the defendants violated § 1692c(a)(2).

### C.

**[11]** Finally, Warren contends that the district court erred by requiring her to allege that the defendants "willfully" violated the Act. The statute itself contains no scienter requirement. Rather, it imposes liability on "any debt collector who fails to comply with any provision" of the Act. 15 U.S.C. § 1692k(a); *see also id.* § 1692k(b) (directing courts to consider whether the "debt collector's noncompliance was intentional" in assessing "the *amount* of liability" (emphasis added)). In other words, as a number of our sister circuits have held, the FDCPA "imposes liability without proof of an intentional violation." *See Allen ex rel. Martin v. LaSalle Bank, N.A.,* 629 F.3d 364, 368 (3d Cir.2011); *LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185, 1190 (11th Cir.2010); *Donohue,* 592 F.3d at 1030; *Ellis v. Solomon & Solomon, P.C.,* 591 F.3d 130, 135 (2d Cir.2010); *Ruth v. Triumph P'ships,* 577 F.3d 790, 805 (7th Cir.2009).

**[12]** The Act does contain an affirmative defense, however. Under 15 U.S.C. § 1692k(c), a debt collector can escape liability if it "shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." Such a "bona fide error" defense is one that a defendant must prove. *See Johnson v. Riddle,* 305 F.3d 1107, 1121 (10th Cir.2002) (holding that defendant "carries the burden of proving" the "affirmative defense"); *see also Sayyed,* 485 F.3d at 232 (describing § 1692k(c) as "offer[ing] a kind of qualified immunity to debt collectors"). Certainly, the defendants in this case will have the opportunity to do so on remand. However, the district court turned the defense on its head in this case, requiring the plaintiff to plead and prove that the defendants acted willfully. By doing so, the district court erred.

### IV.

For the foregoing reasons, we hold that the defendants' offer of judgment did not moot the case and that the district court erred in concluding that Warren's amended complaint failed to allege violations of 15 U.S.C. §§ 1692c(a)(2) and 1692e(11). Thus, we reverse the judgment of the district court and remand for further proceedings. [5]

*REVERSED AND REMANDED.*

---

Footnotes

1   The debt has since been discharged in an unrelated bankruptcy proceeding.
2   Although Warren alleged state law claims in an earlier complaint, she abandoned those claims in her amended complaint.
3   Because we conclude that defendants' offers to compensate Warren for her alleged actual damages did not moot her FDCPA claim, we need not determine whether an offer of attorney's fees "to date" can render such a claim moot.
4   We reject the defendants' argument that Warren's failure to make a settlement demand is to blame for the ambiguity of the offer because "such [a] complaint matters not to a mootness inquiry." *Simmons,* 634 F.3d at 766.
5   In a cross-appeal, the defendants have challenged the district court's dismissal of their motion for sanctions against Warren's attorney. The district court dismissed the motion as moot in light of its dismissal of Warren's complaint. Warren agrees that we should reverse and remand the dismissal of the sanctions motion if she prevails in her appeal. Accordingly, we also reverse and remand the district court's dismissal of the defendants' motion for sanctions.

---

# Exhibit B

674 F.3d 1238
United States Court of Appeals,
Eleventh Circuit.

Michael BOURFF, Plaintiff–Appellant,

v.

RUBIN LUBLIN, LLC, Defendant–Appellee.

No. 10–14618.　|　March 15, 2012.

**Synopsis**

**Background:** Borrower brought action against law firm hired by assignee of loan and security deed to assist in collection efforts, alleging that firm violated the Fair Debt Collection Practices Act (FDCPA) by making a "false representation" on its collection notice. The United States District Court for the Northern District of Georgia, No. 1:09-cv-02437-JEC, Julie Carnes, J., granted firm's motion to dismiss, and borrower appealed.

**[Holding:]** The Court of Appeals held that borrower stated a claim for violation of the FDCPA by alleging that law firm falsely represented in its notice that assignee was borrower's "creditor."

Vacated and remanded.

West Headnotes (4)

[1]　**Antitrust and Trade Regulation**
　Communications, representations, and notices; debtor's response

Collection notice sent by law firm to borrower was subject to the Fair Debt Collection Practices Act (FDCPA) where notice stated that firm had been retained to "collect the loan," stated in bold capital letters that it was "an attempt to collect a debt," and advised borrower to contact firm to "find out the total current amount needed to either bring [his] loan current or to pay off [his] loan in full." Fair Debt Collection Practices Act, § 802 et seq., 15 U.S.C.A. § 1692 et seq.

2 Cases that cite this headnote

[2]　**Antitrust and Trade Regulation**
　Communications, representations, and notices; debtor's response

To violate the Fair Debt Collection Practices Act (FDCPA), a representation by a "debt collector" must merely be false, or deceptive, or misleading. Fair Debt Collection Practices Act, § 807, 15 U.S.C.A. § 1692e.

3 Cases that cite this headnote

[3]　**Antitrust and Trade Regulation**
　Communications, representations, and notices; debtor's response

False representation in connection with the collection of a debt is sufficient to violate the Fair Debt Collection Practices Act (FDCPA) facially, even where no misleading or deception is claimed. Fair Debt Collection Practices Act, § 807, 15 U.S.C.A. § 1692e.

2 Cases that cite this headnote

[4]　**Antitrust and Trade Regulation**
　Communications, representations, and notices; debtor's response

Borrower's allegations, that he defaulted on his loan by failing to tender required monthly payment, that while the loan was in default security deed and debt were assigned to assignee for the purpose of facilitating collection of such debt for another entity, and that law firm retained by assignee falsely represented in its collection notice that assignee was borrower's "creditor," stated a claim for violation by a debt collector of the Fair Debt Collection Practices Act's (FDCPA's) prohibition on "false, deceptive, or misleading representation[s]." Fair Debt Collection Practices Act, §§ 803(4), 807, 15 U.S.C.A. §§ 1692a(4), 1692e.

2 Cases that cite this headnote

**Attorneys and Law Firms**

**\*1239** David C. Ates, David Ates, PC, Atlanta, GA, John R. Ates, Ates Law Firm, PC, Alexandria, VA, for Plaintiff–Appellant.

Peter Lawrence Lublin, Brian Linkowski, Rubin, Lublin, Suarez, Serrano, LLC, Norcross, GA, for Defendant–Appellee.

Appeal from the United States District Court for the Northern District of Georgia.

Before EDMONDSON and PRYOR, Circuit Judges, and BOWDRE,[*] District Judge.

**Opinion**

PER CURIAM:

This appeal involves a Fair Debt Collection Practices Act claim in which a "false representation" has been alleged. Michael Bourff appeals the district court's dismissal of his civil action under 15 U.S.C. § 1692, the Fair Debt Collection Practices ***1240** Act ("FDCPA"), for failure to state a claim. The district court concluded that Bourff's claim was covered by the FDCPA but that Bourff did not allege acts that violated the FDCPA. We vacate the dismissal and remand the case for further proceedings.

*Background*

This case involves a $195,000 loan by America's Wholesale Lender ("AWL") to Michael Bourff. The loan was evidenced by a note, was used to purchase property in Fulton County, Georgia, and was secured by a deed to the property purchased.[1]

The basics of this case are not in dispute. In April 2009 Bourff failed to make a payment on the loan and caused default under the terms of the note. AWL later assigned the loan and the security deed to BAC Home Loan Servicing, LP f/k/a Countrywide Home Loans Servicing, LP ("BAC") for the purpose of collecting on the note. BAC in turn hired defendant law firm, Rubin Lublin, LLC ("Rubin Lublin"), to assist in collection efforts. In late May 2009 Rubin Lublin sent a notice to Bourff stating that they had been retained to help collect on the loan. The notice clearly stated that it was being sent as "NOTICE PURSUANT TO FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 [,]" and that it was "AN ATTEMPT TO COLLECT A DEBT." The notice also identified BAC as "the creditor on the above-referenced loan." (Compl. Ex. A.)

Shortly after receiving the notice, Bourff filed this civil action against Rubin Lublin pursuant to the FDCPA. Bourff claimed that the notice sent by Rubin Lublin violated § 1692e of the FDCPA by falsely representing that BAC was the "creditor" on the loan, despite entities in BAC's position being specifically excluded from the definition of "creditor" by the language of the FDCPA. Rubin Lublin filed a motion to dismiss under Rule 12(b)(6), and the district court dismissed the action for failure to state a claim under the FDCPA. The district court concluded that BAC was a "creditor" according to the ordinary meaning of the term and that, even if BAC was no creditor, the error in listing it as such was a harmless mistake in the use of the term because BAC had the power to foreclose on the property or otherwise to act as the creditor on the loan. (Order 11.)

*Standard of Review*

We review the grant of a motion to dismiss *de novo;* and in so doing, we accept the allegations in the complaint as true while construing them in the light most favorable to the Plaintiff. *Powell v. Thomas,* 643 F.3d 1300, 1302 (11th Cir.2011). The interpretation of a statute is likewise reviewed *de novo* as a purely legal matter. *Belanger v. Salvation Army,* 556 F.3d 1153, 1155 (11th Cir.2009).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). Stating a plausible claim for relief requires pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged": which means "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

*DISCUSSION*

 [1]   The FDCPA limits what is acceptable in attempting debt collection. The ***1241** FDCPA applies to the notice here in question because the notice was an attempt at debt collection. The notice stated that Rubin Lublin had been retained to "collect the loan," stated in bold capital letters that it was "an attempt to collect a debt," and advised Bourff to contact Rubin Lublin to "find out the total current amount needed to either bring your loan current or to pay off your loan in full." (Compl. Ex. A.)

 [2]    [3]   The FDCPA, among other things, mandates that, as part of noticing a debt, a "debt collector" must "send

the consumer a written notice containing"—along with other information—"the name of the creditor to whom the debt is owed[.]" 15 U.S.C. § 1692g(a)(2). In addition, the Act prohibits a "debt collector" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The use of "or" in § 1692e means that, to violate the FDCPA, a representation by a "debt collector" must merely be false, or deceptive, or misleading. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA facially, even where no misleading or deception is claimed.

 **[4]**  Plaintiff claims that Rubin Lublin violated the prohibition on "false, deceptive, or misleading representation[s]" by falsely stating in its collection notice that BAC was the "creditor" on Bourff's loan. The identity of the "creditor" in these notices is a serious matter. For the FDCPA, "creditor" is defined this way:

> "The term 'creditor' means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4).

Plaintiff's complaint alleges that Bourff defaulted on the loan in April 2009 by failing to tender the required monthly payment. The complaint further alleges that BAC "received an assignment of the security deed and debt on June 19, 2009 ..., while the Plaintiff's loan was in default, for the purpose of facilitating collection of such debt for another, presently unknown, entity." (Compl. ¶ 13) Accepting Plaintiff's allegations as true and construing them in the light most favorable to the Plaintiff, the statement on the May 2009 notice that BAC was Plaintiff's "creditor" was a false representation and was made by a "debt collector" as defined in § 1692a of the FDCPA.

The FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person ..." for potential damages and costs. 15 U.S.C. § 1692k(a). The complaint on its face, taken as true and viewed in the light most favorable to Plaintiff, states a claim upon which relief may be granted under the FDCPA. As such, we vacate the dismissal and remand this case to the district court for further proceedings.

VACATED and REMANDED.

**Parallel Citations**

23 Fla. L. Weekly Fed. C 1151

---

Footnotes

| | |
|---|---|
| \* | Honorable Karon O. Bowdre, United States District Judge for the Northern District of Alabama, sitting by designation. |
| 1 | Such a loan arrangement is typically called a mortgage. |

# Exhibit C

Case 1:12-cv-00420-DLI-CLP Document 20 Filed 09/14/12 Page 18 of 20 PageID #: 176

Walls v. United Collection Bureau, Inc., Slip Copy (2012)

2012 WL 1755751
Only the Westlaw citation is currently available.
United States District Court,
N.D. Illinois,
Eastern Division.

Joshua WALLS, Plaintiff,
v.
UNITED COLLECTION BUREAU, INC.;
LVNV Funding, LLC; and Resurgent
Capital Services, L.P., Defendants.

No. 11 C 6026.  |  May 16, 2012.

**Attorneys and Law Firms**

Mary Elizabeth Philipps, David J. Philipps, Philipps & Philipps, LTD., Palos Hills, IL, for Plaintiff.

James Brandon Hiller, Robert Daniel Connealy, Chicago, IL, for Defendants.

**Opinion**

*MEMORANDUM OPINION*

JOHN F. GRADY, District Judge.

**\*1** Before the court is the defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, the motion is denied.

### BACKGROUND

Plaintiff, Joshua Walls, filed a class-action complaint against defendants United Collection Bureau, Inc., ("UCB"); LVNV Funding, LLC ("LVNV"); and Resurgent Capital Services, L.P. ("Resurgent"). Walls alleges that on February 8, 2011, defendants sent him a debt-collection letter that violates the Fair Debt Collection Practices Act ("FDCPA") because it did not effectively state certain required information—particularly, "the name of the creditor to whom the debt is owed." See 15 U.S.C. § 1692g(a) (2).

Defendants move to dismiss the complaint.

### DISCUSSION

Under federal notice-pleading standards, a complaint need not contain "detailed factual allegations," but it must have more than mere "labels and conclusions." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The complaint must contain sufficient facts to raise a plaintiff's right to relief above a "speculative" level, *id.* at 555, and the claim must be "plausible on its face," *id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Walls alleges that the dunning letter he received from UCB, which is attached as Exhibit C to the complaint, is confusing as to whom the debt is owed because at the top of the page, it identifies Resurgent as the "Client" and LVNV as the "Current Owner" (while identifying Credit One Bank, N.A. as the "Original Merchant" and "Original Creditor"). He points out that there is no explanation of the relationship between Resurgent and LVNV, or between the "Client" and the "Current Owner." (Compl.¶ 14.) Neither one is identified explicitly as the "creditor to whom the debt is owed."

It is implicit in the FDCPA that a debt collector "may not defeat the statute's purpose by making the required [§ 1962g] disclosures in a form or within a context in which they are unlikely to be understood by the unsophisticated debtors who are the particular objects of the statute's solicitude." *Bartlett v. Heibl,* 128 F.3d 497, 500 (7th Cir.1997). When considering whether a collection letter could violate the FDCPA, we view it through the eyes of this unsophisticated consumer, who might be "uninformed, naive, [and/or] trusting" but does have "rudimentary knowledge about the financial world" and can make basic logical deductions and inferences. *Fields v. Wilber Law Firm, P.C.,* 383 F.3d 562, 564 (7th Cir.2004). Generally, the Seventh Circuit views the confusing nature of a collection letter as a question of fact that, if well-pleaded, avoids Rule 12(b)(6) dismissal. *Zemeckis v. Global Credit & Collection Corp.,* 679 F.3d 632, 2012 WL 1650479, at \*2 (7th Cir. May 11, 2012); *see also McMillan v. Collection Professionals, Inc.,* 455 F.3d 754, 759 (7th Cir.2006) ("We have cautioned that a district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion because district judges are not good proxies for the unsophisticated consumer whose interest the statute protects ." (internal quotation marks omitted)). Nevertheless, dismissal is appropriate when it is "apparent from a reading of the letter that not even a

significant fraction of the population would be misled by it." *Zemeckis,* 2012 WL 1650479, at *2.

***2** In defendants' view, the "owner of the debt is accurately listed" in the letter, and plaintiff is "attempting to exploit Defendants' accurate description of the business relationships between [sic] the Defendants contained in its notice." (Defs.' Mot. at 2, 3.) Defendants contend that "only the creative mind of a career FDCPA plaintiffs' attorney could concoct" a "hint of abusive debt collection practices contained in Defendants' dunning letter," and that if plaintiff or an unsophisticated consumer "must know" why Resurgent is referred to as "Client," "they can call UCB and find out." (Defs.' Reply at 7–8.)

Defendants' arguments have no merit. The confusion alleged here is not the ingenious invention of an attorney, nor is it a bizarre interpretation of the dunning letter Walls received. Defendants assert repeatedly that the letter is not confusing because it accurately specifies that LVNV is the "current owner of the debt." First, LVNV is not so identified. The letter refers to LVNV simply as "Current Owner." Current owner *of what?,* a significant number of unsophisticated debtors might reasonably ask themselves. Second, defendants ignore the plain language of the statute, which requires that the "creditor to whom the debt is owed" be identified, not the "current owner of the debt." This statutory language makes sense because an unsophisticated consumer likely does not ask himself, "Who owns the debt?" or think about debt in terms of "ownership." Rather, he wants to know who is owed the money. In addition, the letter's designation of the "original creditor" can be viewed as making the letter even more confusing in light of the fact that no phrase like "current creditor" is used.

We reject defendants' contention in their reply brief that what plaintiff is complaining of is "immaterial" information. The statute expressly requires identification of the creditor to whom the debt is owed; when that information is presented in an arguably confusing manner, it could influence the consumer's decision. For example, it could cause an unsophisticated consumer to be concerned about the possibility of being defrauded or about paying the incorrect creditor and continuing to have outstanding debt. *See Braatz v. Leading Edge Recovery Solutions, LLC,* No. 11 C 3835, 2011 U.S. Dist. LEXIS 123118, at *4 (N.D.Ill. Oct.21, 2011).

The letter at issue engenders confusion sufficient to state a claim for violation of § 1692g of the FDCPA. Accordingly, the motion to dismiss will be denied.

### CONCLUSION

For the foregoing reasons, defendants' motion to dismiss the complaint is denied. This case is set for a status hearing on May 30, 2012, at 10:30 a.m. to discuss the next steps in the case.

---

**End of Document** © 2012 Thomson Reuters. No claim to original U.S. Government Works.

## Certificate of Service

I, Michael N. Litrownik, an attorney, hereby certify that on September 14, 2012, the foregoing documents were filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

Brian L. Bromberg     brian@brianbromberg.com, mike@bromberglawoffice.com

Michael Noah Litrownik     mike@bromberglawoffice.com

Moumita Rahman     moumita@rahmanlawpllc.com

Robert L. Arleo     r.arleo@verizon.net


Dated: September 14, 2012
      New York, New York


                                              /s/ Michael N. Litrownik
                                                Michael N. Litrownik


Brian L. Bromberg
Michael N. Litrownik
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005