UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x     CV 12-cv-420(DLI)(CLP)

EUN JOO LEE, on behalf of herself
and all others similarly situated,

                        Plaintiff

      -against-                                ANSWER

FORSTER & GARBUS, LLP and NCOP XI,
LLC,

                        Defendants
-------------------------------------------------------x

    Defendants, FORSTER & GARBUS, LLC and NCOP XI. LLC ("Defendants"), by its attorney ROBERT L. ARLEO, ESQ., answering the Plaintiff's Amended Complaint which was filed with the Court on February 15, 2012 ("hereinafter "the Amended Complaint"), sets forth as follows:

1. In regard to the allegations set forth in paragraph 1 of the Amended Complaint admit that this purported class action is brought under the Fair Debt Collection Practices Act ("FDCPA") but deny that the Defendants committed any violation(s) of the FDCPA.

2. In regard to the allegations set forth in paragraphs 2 and 3 of the Amended Complaint, leave to the Court all determinations in regard to proper jurisdiction and venue.

3. Admit the allegations set forth in paragraphs 4, 7, 12, 16 and 17 of the Amended Complaint.

4. In regard to paragraph 5 of the Amended Complaint. The Defendants cannot admit or deny the allegations therein as Plaintiff's use of the Capital One credit card for personal and/or family and/or household purposes remains to be determined.

5. In regard to the allegations set forth in paragraphs 6, 8 and 9 of the Amended Complaint admit that the Defendant Forster & Garbus, LLP ("F&G") is a debt collection law firm, admit that its principal purposes is collecting debts and admit that it regularly attempts to collect debts but denies knowledge or information sufficient to form a belief as to whether the Plaintiff owed a "debt" as same is defined in 15 U.S.C. sec. 1692a(5) in that it remains to be determined if the Plaintiff used the Capital One credit card for personal and/or family and/or household purposes.

6. In regard to the allegations set forth in paragraph 10 of the Amended Complaint. Admit that the Defendant F&G sometimes may be defined as a "debt collector" as that term is defined by sec. 1692a(6) of the FDCPA but denies knowledge or information sufficient to form a belief as to whether the Defendant F&G was acting as a "debt collector" in regard to the debt owed by the Plaintiff in that it remains to be determined if the Plaintiff used the Capital One credit card for personal and/or family and/or household purposes.

7. In regard to the allegations set forth in paragraphs 11 and 14 admit that the Defendant

NCOP XI, LLC ("NCOP") is engaged in collecting a debts and regularly attempts to collect debts but denies knowledge or information sufficient to form a belief as to whether the Plaintiff owed a "debt" as same is defined in 15 U.S.C. sec. 1692a(5) in that it remains to be determined if the Plaintiff used the Capital One credit card for personal and/or family and/or household purposes.

8. In regard to the allegations set forth in paragraph 15 of the Amended Complaint. Admit that the Defendant NCOP sometimes may be defined as a "debt collector" as that term is defined by sec. 1692a(6) of the FDCPA but denies knowledge or information sufficient to form a belief as to whether the Defendant NCOP was acting as a "debt collector" in regard to the debt owed by the Plaintiff in that it remains to be determined if the Plaintiff used the Capital One credit card for personal and/or family and/or household purposes.

9. In regard to the allegations set forth in paragraph 18 of the Amended Complaint admit that the employees of the Defendant F&G assisted in sending the subject collection letter to the Plaintiff but deny that said employees engaged in any "omissions" which would subject any such employee, or either of the Defendants, to any legal liability whatsoever in regard to the FDCPA or any other law, statute, regulation, etc.

10. In regard to the allegations set forth in paragraph 19 of the Amended Complaint leave all determinations of law in regard to potential agency liability, respondeat superior liability and vicarious liability to the Court.

11. In regard to the allegations set forth in paragraph 23 of the Amended Complaint admit that the referenced letter was sent by the Defendant F&G, deny that the letter was sent by the Defendant NCOP and deny that the letter was sent to "coerce" the Plaintiff into paying the debt referenced therein.

12. In regard to the allegations set forth in paragraph 24 of the Amended Complaint admit that the referenced letter was the initial communication from the Defendant F&G to the Plaintiff, deny that the letter was letter was the initial communication from the Defendant NCOP to the Plaintiff.

13. In regard to the allegations set forth in paragraph 26 of the Amended Complaint refer to the subject letter for the accuracy of the allegations set forth in said paragraph 26 of the Amended Complaint.

14. In regard to the allegations set forth in paragraph 27, deny that the reference to "NCOP XI, LLC A/P/O CAPITAL ONE" constitutes a reference to a non-existent entity.

15. In regard to the allegations set forth in paragraphs 25 and 28 same are relevant to the issue of whether this action is certifiable as a class action. Defendants otherwise deny that this action is certifiable as a class action due, in part, to Plaintiff's inadequacy to serve as a class representative.

16. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs 21 and 22 of the Amended Complaint.

17. Deny the allegations set forth in paragraphs 13, 20, 35, 36 and 37 of the Amended Complaint and otherwise deny that the Plaintiff is entitled to any of the relief sought as same is set forth in the Amended Complaint.

18. In regard to the allegations set forth in paragraph 29 of the Amended Complaint admit that the Defendants are engaged in collecting debts owed by consumers but deny knowledge or information sufficient to form a belief as the whether or not Plaintiff incurred a "debt" as same is defined in the FDCPA.

19. In regard to the allegations set forth in paragraph 30 of the Amended Complaint refer to the contents of the paragraphs set forth heretofore herein and incorporate same by reference herein.

20. In regard to the allegations set forth in paragraphs 31, 32, 33 and 34 of the Amended Complaint the Defendants deny said allegations. Otherwise, Defendants deny that the Plaintiff can discovery any facts which will support a finding of class certification under Fed. R. Civ. P. 23(b)(3) or any class under any other provision of Fed. R. Civ. P. 23.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

21. Any violation of the FDCPA was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error.

DATED: New York, New York
          March 8, 2013

                                            / s / *Robert L. Arleo*
                                            ROBERT L. ARLEO, ESQ.
                                            (RA 7506)
                                            Attorney for the Defendants
                                            380 Lexington Avenue
                                            17th Floor
                                            New York, New York  10168
                                            (212) 551-1115

TO: BRIAN L. BROMBERG
     MICHAEL N. LITROWNIK
     BROMBERG LAW OFFICE, P.C.
     40 Exchange Place, Suite 2010
     New York, New York   10005

     MOUMITA RAHMAN
     THE LAW FIRM OF MAUMITA RAHMAN, PLLC
     40 Exchange Place, Suite 2010
     New York, New York   10005